Putnam, J.
In this case, the claims the rents and of one half of certain real estate, in virtue of a levy of his execution upon the same, as the estate of one Alexander Scammell.
The defendant resists the claim, upon the ground that the said A. S. had no estate in the premises ; and, if he had, that the proceedings upon the execution have not been such as to entitle the plaintiff to this action.
The plaintiff contends, that A. S. had a freehold estate in the premises, for and during the life of Ede, his wife, in virtue of the following clause in the last will and testament of Samuel L. Seim *374 mell, father of the said A. S. [Here his Honor recited the aforesaid clause, and proceeded.]
We are therefore to determine, whether the said Ede has any estate whatsoever in the premises, during the life-time of her husband. For, if she took a life estate presently, we do not perceive but that the consequence, which the plaintiff has drawn, follows ; that her husband has it for her life.
We are, however, satisfied, that the will does not admit of this construction. The testator devises to Ede the sole use and improvement of one third part of the farm, &c., so long as she shall live after the decease of his son, if it should please God to order her to be left his widow. Unless she should be left a widow, it is our opinion that nothing is given to her. It is an executory devise to her for life, depending upon the contingency of her surviving her husband.
But, then, it was contended, that, in the mean time, that is, during the life of her husband, the estate descended to the [*428] * testator’s heirs at law ; because it could not take effect as a remainder, for want of a particular estate on which it could depend ; and so A. S. during his own life would be entitled to a moiety of the estate in his own right, as one of the children and heirs of his father.
, This construction, however, would be manifestly contrary to the intent of the testator. For it appears, on examining the will, a copy of which has been furnished to the Court, that he made it, “ as touching such worldly estate as it had pleased God to bless him with in this life.” We cannot suppose, therefore, that he intended to die intestate as to any part of it. This construction would also be against the plain intention of the devisor, inasmuch as he says that the estate he had given to his daughter-in-law and her children was what he theretofore intended to have given to his son, Alexander, thereby leaving a necessary implication that Alexander was not to have any thing in that estate.† We think, that, for some reason which does not appear in the will, but which was satisfactory to the testator, he intended to exclude his son from this estate, and to substitute his son’s wife and their children, as the objects of his bounty, *375 m respect to the same, and that, by the rules of law, this intention may be carried into effect.
The devise is to his beloved daughter, Ede S., wife of his son, A. S., and to their children, and his grandchildren, then born, or to be born, and their heirs and assigns. They have the whole estate. But, as the executory devise to Ede gives her no right during the life of her husband, and as the testator did not die intestate as to this estate during the life of her husband, the said A. S., it is necessary to determine who has the estate during that period. And we are of opinion that the children of A. S., the grandchildren of the testator, in the first place, take a base or qualified fee simple in this estate in virtue of this devise, determinable upon the event of their mother’s surviving their father. But, if their mother should die before their father, then their qualified fee becomes absolute. If the mother should survive, then * the life estate to her [*429] commences ; and the remainder, expectant upon her decease, immediately vests in her said children, the grandchildren of the devisor.
Upon this view of the case, it is not necessary to determine whether the proceedings relating to the levy of the execution were good ; because we are of opinion that the judgment debtor had ño interest in the estate.
According to the agreement of the parties, the plaintiff must be called.
Plaintiff nonsuit.

 Quære, whether it would not be more rational to suppose that the testator, in this informal will, intended to give one third of the premises to his son’s wife, for her natural life, to be used and improved by her husband and herself during his life, and by her solely after his death ? If not, why did he expressly devise the reversion of the one third, as well as the other two thirds, to the children in such a manner as to exclude the idea that he intended they should have any thing in the one third part but the reversion. Besides, no reasonable motive can be assigned for an intention to exclude his son’s wife from all benefit in the premises during her husband’s life, which might prevent her ever having an estate or interest therein, or benefit therefrom, when in the first part of the will he expressly gives them to her and her heirs.