## BILLINSLEA *versus* ABERCROMBIE.

1. A writ of error will be dismissed, if it appear that parties interested have not been joined.
2. A devise of estate to certain heirs, and *also to the heirs of one deceased, to be equally divided among each*—vests in the latter, only one share.
3. As where A by his will bequeathed certain estate, real and personal, to his five children, and "also to the heirs and legal representatives of his daughter G, deceased, to be equally divided among each;"—held that G's children only took a sixth part, and not *each one* an equal portion with A's children.

Billinslea, a legatee, took a writ of error to the Circuit Court of Perry, from the decision of the County Court, made on a distribution of the estate of Abercrombie. The writ of error was dismissed on the ground, that other legatees, interested in the estate, had not been made parties; to correct which, the cause came into this court.

At the desire of the parties, this court considered a question arising on a clause in Abercrombie's will—devising certain estate to his living children, *and to the children of a deceased daughter, to be equally divided among each.*

It was contended, that under this clause, each of the children of the deceased child, were entitled to an equal distributive share with the living children.

LIPSCOMB, C. J.—Thomas Abercrombie, one of the legatees of Isaac Abercrombie, deceased, filed his petition in the County Court for the county of Perry, praying that the executors of the last will and testament of the said Isaac Abercrombie, should be compelled to make a distribution of his estate, agreeably to law. The County Court proceeded under this pe-

tion to make an order for the distribution as prayed for. From the order of distribution, made by the County Court, William Billins__, one __ the legatees, __ __ writ of error to the Circuit Court.

None of the other legatees were __ satisfied with the order of distribution, made by the County Court.

The Circuit Court dismissed the writ of error; because, that the other legatees were not joined with Thomas Abercrombie as defendants. The cause is now brought up by a writ of error, from the judgment of the Circuit Court; and it is now assigned for error, that the Circuit Court erred in dismissing the writ of error sued out from the order of the County Court.

An appeal or writ of error is given by our statute, "to the party or parties, dissatisfied with any judgment, or final order of the County Court, whether in vacation or term time:" the party seeking to reverse such judgment or final order, entering into bond and security, to the Judge of the County Court.

Our statute does not define who are to be made parties to such writ of error, or appeal, but it is believed, that it is so well established by the uniform practice of courts, that all who are to be affected by the judgment or order, so sought to be reversed, should in some way, be made parties; that it does not require the aid of any express legislative enactment, to secure this privilege. All of the legatees who were satisfied with the order of distribution, were interested in supporting it, and had as strong claims to be heard, before the order should be reversed, as Thomas Abercrombie, the one selected as a defendant.

We believe then, that the Circuit Court did not

4

err in dismissing the writ of error, for this irregularity, in omitting to make the other legatees parties defendants.

We are, however, requested by the parties, to give a construction to a clause in the will of Isaac Abercrombie, deceased, which is the true ground of the contest between the plaintiff in error, and the other legatees.

It is a part of the 3d section of the will, and is in the words following : " All the balance and residue of my estate, whether real or personal, left, after fulfilling and completing the devises and legacies in this my last will and testament mentioned—I give, bequeath, and devise to my children, to-wit, Archibald Abercrombie, James Abercrombie, Isaac Abercrombie, Alexander Abercrombie, Thomas Abercrombie, and also to the heirs and legal representatives of my daughter Elizabeth Billinslea, deceased, to be equally divided among each."

We believe that no reasonable construction of the clause recited, can place each of the heirs and legal representatives of Elizabeth Billinslea on a footing of equality in the amount of their respective dividends, with the sons of the testator. We can not believe, that the testator intended to make them distributees, *per capite*, equally with his sons. The terms employed, excludes such a construction : he devises and bequeaths to his children, naming them, the residue of his estate, both real and personal ; but wishing to bring in the children of his daughter Elizabeth, deceased, for their mother's share, after naming his sons, he adds—"and also the legal representatives and heirs of my daughter Elizabeth Billinslea, deceased,

to be equally divided among each." The last member of the sentence, can not be extended to the sons, but it is to be confined to the daughter Elizabeth—her share to be equally divided among each of her heirs and legal representatives. The heirs and legal representatives of Elizabeth, are, under the residuary clause of the will, entitled to an equal share of one sixth of the residuum.

This construction ought to be sustained, if the words of the will left the intention of the testator uncertain and ambiguous; because he could not, in equity and justice, be supposed to intend giving the heirs of his daughter Elizabeth more than she herself, if living, would have been authorised to expect from him.

Let the judgment be affirmed.