## THOMAS et al. v. DENTON et al.

1. M. M. executes a deed, by which, she " gives, grants and bequeaths, unto W. S. and N. A. S.," together with " *all the heirs of P. S.'s body,* the sole right and title" to a female slave, and her increase, " to be the only right, and property of all her, the said P. S.'s children:" and warrants the title " to the aforesaid P. S.'s heirs forever." *Held:* that the deed vests the title to the slave immediately in the donees, who at the time of its delivery were capable of taking, and, it creating no trust, the after born children of P. S. can take no interest under it.

Error to the Chancery Court of the 23d District. Before the Hon. W. W. Mason, Chancellor.

The bill in this case was filed by defendants in error, against plaintiffs in error, to enforce a trust, which it alleges was created in their favor, by a deed of their grandmother, Margaret Millwee. The deed is in the following words :

" The state of Alabama, Jefferson county : Know all men by these presents, that I, Margaret Millwee, of Jefferson county, and state aforesaid, for, and in consideration of the

love, good will and affection, that I bear towards my well beloved daughter, Polly Seays, do, by these presents, fully give, grant and bequeath, unto William Seays and Nancy Ann Seays, together to all the heirs of the aforesaid Polly Seays's body, the sole right, title, to a certain negro girl named Rose, aged seven years, with the increase, if any, equally between all the children or heirs of the body of the aforesaid Polly Seays, to be the only right and property of all her, the aforesaid Polly Seays's children: which negro I do hereby warrant, and forever defend, unto the aforesaid Polly Seays's heirs forever, against myself, or against any person lawfully claiming, or to claim the same. In testimony whereof, I have set my hand, and affixed my seal, this 12th day of February, 1823.　　　　　　　　　MARGARET MILLWEE."

The bill states, that William Seays, who is named in the deed, died in 1838, leaving no issue, and that the said Polly, after the execution of the deed, had two other children by her then husband, Jennings Seays, viz., Margaret A., now the wife of Benjamin C. Thomas, and James Seays, who, together with the said Nancy Ann and her husband, William Waddle, have taken possession of said Rose, and her children, and are asserting an exclusive claim to them. It also states, that the complainants are the children of the said Polly Seays, by a second marriage, with one James W. Denton.

The prayer of the bill is for relief appropriate to the facts above set out.

The chancellor rendered a decree in accordance with the prayer of the bill, which is now assigned as error.

PECK, for plaintiffs in error.

The children *in esse* at the date of the deed, and named in it, took an absolute estate in the slave, disembarrassed of the trust sought to be established by the bill. No trust is declared by the deed, and none can be raised by implication. If the instrument was a testamentary paper, and not a deed, the case might be different. Shepherd v. Nabors, 6 Ala. R. 631, 636, and cases cited. There can be no shifting or secondary use, or springing use, raised in such a case, nor resulting trust. 4 Kent's Com. 296 to 298, and 306. Again, if the construction contended for could prevail, the power of

Thomas et al. v. Denton et al.

alienation would be suspended for an indefinite period. 4 Kent's Com. 271, and note a; 3 Coke, 293, 294, note c, 296, note d; 2 Black. Com. mar. 398, note 11; same book, mar. 401; 2 Coke, 593, note 4.

P. & J. L. MARTIN, and HUNTINGTON, contra.

It is probable that the bill goes too far, in alleging that the great grand-children of Margaret Milwee would take under the deed, but the case of Murray and Buchanan v. Walker, 1 Strobhart's S. C. Eq. Rep. 193, 196, is direct to the point that the *post-nata* grand-children of Margaret Milwee, (who are the complainants,) are entitled to a share *per capita* under the deed. This is all the bill contends for. In the case referred to, Margaret Jeffreys, by her deed, gave to the "issue of her daughter Mary," (naming them,) and also those children she (her daughter) might bear to or by her son-in-law, the half part of a negro woman and her increase. Mary, the daughter, had a child named Margaret, after the deed was made, and this child was decreed to have been properly let in to a share of the negroes. " I am of opinion," says Chancellor Johnson, confirmed by the court, "she took an absolute interest, which vested in her husband," &c.

CHILTON, J.—In Shepherd v. Nabors, 6 Ala. Rep. 631, it was held, that a deed by which a father gave to the heirs born of his daughter's body, a female slave, providing [that he should retain the possession of the slave during his life, and at his decease, the slave should be " in full possession of the heirs born" of his said daughter, was a testamentary paper, and might be proved as such ; and that all the children to whom the daughter gave birth, might claim an equal interest in the slave and her increase, under the deed as an executory devise.

So in Dunn and wife v. The Bank of Mobile, 2 Ala. Rep. 156, it was held, that if necessary to give effect to the intention of the donor, the deed would be regarded as a testamentary paper, and the provision for the after born children would take effect as an executory devise.

In the case at bar, however, the deed is not set up as a tes-

tamentary paper, but the plaintiffs, all of whom were born after its execution, insist upon it as vesting in them an estate in common with the grantees named therein, and the question is, can the deed so operate as to open and let in the after born children. It is an absolute conveyance to the donees of the slaves in question. Its language is, "I give, grant and bequeath unto William Seay and Nancy Ann Seay, together to all the heirs of Polly Seay's body, the right, title, &c., to a certain negro girl and her increase (naming her) equally between all the children or heirs of the body of the said Polly Seay, to be the only right and property of all the said Polly Seay's children, which slave. I do hereby warrant and defend to all the said Polly Seay's heirs against myself, &c."

It is needless to speculate upon the supposed intention of the donor, in the use of the words, "heirs of the body of Polly Seay." Conceding that the word heirs is a synonym for children, as *nemo hæres viventis*, still the deed vests the interest in the slave immediately in the donees, who, at the time of its delivery were capable of taking, and there being no trust created by the terms of the deed, it would follow, that the complainants not then *in esse* could take no title under it. Granting that there may be cases, where executory trusts in behalf of after born children may be created by deed, as was the case in Murray et al v. Walker, 1 Strobhart's Eq. Rep. 193, no benefit can accrue to the plaintiffs below, from the concession, as the deed in this case makes no such provision for them. Neither can they, for the same reason derive any aid from the doctrine of springing, future, or contingent uses. "Springing uses," says chancellor Kent, (4 Com. 296 *et seq.*) "are limited to arise on a future event, where no preceding estate is limited, and they do not take effect in derogation of any preceding interest." If the conveyance operates by way of transmutation of possession, the estate must be conveyed, *and the use be raised out of the seizin created in the grantee by the conveyance.* Or the use may, by the conveyance, be severed from the grantees seizin, in which case the statute executes it, as in conveyances to stand seized &c. Future uses are limited to take effect as remainders. This doctrine more particularly applicable to

real estate, can certainly have no influence upon the deed before us, as the estate passes *in praesenti* by this deed, and no words creating an estate or use *in futuro* in the *post nata* children, are employed. The donees take the absolute estate, and the complainants, having no interest can take nothing by their bill. We are not allowed, as we can conceive, to imply a trust against the words of the deed, and thus to impose a restraint upon the alienation of the property for the life of Polly Seay.

Our conclusion is, the chancellor erred in his decree. It is therefore reversed, and a decree here rendered dismissing the bill, at the cost of the defendants in error.