## BERRY vs. HUBBARD.

[TRIAL OF RIGHT OF PROPERTY IN SLAVES.]

1. *Construction of deed of gift.*—A deed of gift, conveying certain slaves to the grantor's wife and children, by these words, "do give, grant," &c., "unto the said Elizabeth, during her natural life, and to Mary Ann, John M., Sarah Caroline, James F., Elizabeth, Robert, and Nancy, their heirs and assigns;" "to have and to hold unto their only proper use, benefit, and behoof of the said Elizabeth, Mary Ann, John M., Sarah Caroline, James F., Elizabeth, Robert, and Nancy, their executors, administrators, and assigns, forever,"—confers upon the children, jointly with the wife, a present and immediate right of property, and does not postpone their interest until her death.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. E. W. PETTUS.

AN attachment, at the suit of W. R. Berry against John M. Power, was levied on certain slaves, which were claimed by James Hubbard, as trustee of Mrs. Elizabeth Power; and thereupon an issue was made up as the statute directs, which resulted, under the charge of the court, in a verdict for the claimant. On the trial, the plaintiff read in evidence a deed of gift for the slaves in controversy, under which the claimant also derived title, and which was in these words:

"The State of Alabama,   } Know all men by these
  Tallapoosa county.       } presents, that I, Francis
Power, of the State and county aforesaid, for and in consideration of the natural love and affection I have and bear unto Elizabeth Power, my wife, and my children Mary Ann Power, John M. Power, Sarah Caroline Power, James F. Power, Elizabeth Power, Robert Power, and Nancy Power; and also for and in consideration of the sum of five dollars, to me in hand paid, by the said Elizabeth Power, Mary Ann, John M., Sarah Caroline, James F., Elizabeth, Nancy, and Robert, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged,—have given, granted,

delivered, conveyed and confirmed, and, by these presents, do hereby give, grant, alien, convey and confirm, unto the said Elizabeth Power, during her natural life, and to John M., Sarah Caroline, James F., Elizabeth, Robert, and Nancy, their heirs and assigns, the following family of negroes," &c.; "to have and to hold all and singular the said negroes, and every of them, given, granted, aliened, conveyed and confirmed, by these presents, unto their only proper use, benefit and behoof of the said Elizabeth Power, Mary Ann, John M., Sarah Caroline, James F., Elizabeth, Robert, and Nancy, their executors, administrators, and assigns, forever. And I, the said Francis Power, for myself, my executors, and administrators, shall and will warrant and forever defend all and singular the said negroes, unto the said Elizabeth Power, Mary Ann, John M., Sarah Caroline, James F., Elizabeth, Robert, and Nancy, their executors, administrators and assigns, against me, the said Francis Power, my executors, administrators and assigns, and against all and every person or persons whatever. In witness whereof," &c.

The court charged the jury, "that the interest which John M. Power took in the slaves, under the said deed from his father, is not subject to levy and sale, under execution at law, during the life of his mother, Elizabeth Power;" to which the plaintiff excepted, and which he now assigns as error.

WM. H. BARNES, and WHITE & PARSONS, for the appellant, cited Nimmo v. Stewart, 21 Ala. 682; Furlow v. Merrill, 23 Ala. 705; McIntosh v. Walker, 17 Ala. 20; Thompson v. Mawhinney & Smith, 17 Ala. 362; Keyes on Chattels, §§ 260, 303; Billingsley v. Harris, 17 Ala. 214; 2 Bla. Com. 192.

W. P. & T. G. CHILTON, contra, cited the following cases: Sorden v. Gatewood, 1 Carter's (Ind.) R. 107; 1 Smith's (Ind.) R. 82; Sisson v. Seabury, 1 Sumner, 235, and cases there cited; 1 Plowd. 153; 4 Cruise's Digest, 291, §§ 73, 76; ib. 307, § 43.

RICE, C. J.—The words used in the deed of Francis Power import a gift *in presenti* to John M. Power, as well as to the other children of the donor named in the deed. The words "during her natural life," which· follow the name of "Elizabeth Power," were not intended to exclude the other persons mentioned as donees from the immediate and common enjoyment of the property, but to *restrict* her interest to the period of her life. No such *restrictive* words are used as to the other persons named as donees; and it would be most unreasonable to hold, that all the persons named as donees, except her, must be excluded from the enjoyment of the property until she dies. We hold that, under the deed, an interest in the slaves therein mentioned vested immediately in John M. Power, as one of the donees and tenants in common; and that, upon the case as presented by the present record, his interest is subject to levy and sale under execution against him.—Thomas v. Denton, 15 Ala. 583; Nimmo v. Stewart, 21 Ala. 682; Sisson v. Seabury, 1 Sumner's Rep. 235; Wild's case, 6 Coke's Rep. 17.

The charge of the court below is erroneous. The judgment is reversed, and the cause remanded.