## HOWARD *vs.* HOWARD'S ADM'RS.

[FINAL SETTLEMENT OF ESTATE—CONSTRUCTION OF WILL.]

1. *When legatees take per capita.*—Under a bequest to testator's brother and sisters of the half blood and the children of his sisters of the whole blood, to be equally divided between them. share and share alike, on the death or marriage of his wife ; with the additional provision, that "should either of his said whole sister's children be dead" at the time fixed for the distribu-

tion, leaving children, such grand-children should "take the place of their deceased parent,—the children of the two sisters of the whole blood take *per capita*, equally with the brother and sisters of the half blood.

APPEAL from the Probate Court of Dallas.

IN the matter of the final settlement and distribution of the estate of James M. Howard, deceased. The facts of the case appear in the opinion of the court.

PEGUES & DAWSON, with with whom were CHILTON, MORGAN & CHILTON, cited the following cases: Billingslea v. Abercrombie, 2 Stew. & P. 26; Seay v. Winston, 7 Humph. 472; Henderson v. Womack, 6 Ired. Eq. 437; Martin v. Gould, 2 Dev. Eq. 305; Spivey v. Spivey, 2 Ired. Eq. 100; 2 Jarman on Wills, 112; Roper on Legacies, vol. 1, p. 129; Rowland v. Gorsuch, 2 Cox, 187; Leigh v. Leigh, 23 English Law & Eq. R. 104; Congreve v. Palmer, *ib.* 167; Minchell v. Lee, 21 *ib.* 22.

GEO. P. BLEVINS, *contra*, cited 2 Bouvier's Inst. 367–8; 2 Jarman on Wills, 47, 111; Dowding v. Smith, 3 Beavan, 541; Brett v. Horton, 4 Beavan, 239; 10 Vesey, 166; 8 *ib.* 604; 2 Vernon, 705; 1 Cox, 250; 2 P. W. 383; 3 East, 172; 1 Hill's Ch. 153; 3 Beavan, 131; Armstrong v. Stockham, 7 Jurist, 230.

STONE, J.—The only question presented by this record, arises out of the construction of a clause in the will of James M. Howard, which reads as follows: "And I will, devise and bequeath to her [wife of testator] the other half [of testator's property] during her natural life or widowhood. At her death or marriage, it is my will and desire, that said half of my estate shall be equally divided between my half brother, Samuel J., and half sisters, Mary E., Hannah, Caroline F., and Gabriella Howard, and the children of my full sisters, Nancy Malinda Ruth erford, deceased, and Sarah Mead; my said half brother and half sisters, and the children of my two said whole sisters, to take equally, share and share alike. Should either of my said whole sister's children be dead at the

death or marriage of my dear wife, leaving children, they shall take the place of their deceased parent."

The probate judge decreed, that the brother and sisters of the half blood, and the children of the two sisters of the whole blood, took *per capita*, and equally under the will; and that decree is assigned for error.

Appellant relies on the case of Billingslea v. Abercrombie, 2 Stew. & P. 24, in support of his views. The language of that will was, "I give, bequeath and devise to my children, to-wit, A. A., J. A., J. A., A. A., T. A., and also to the heirs and legal representatives of my daughter, E. B., deceased, to be equally divided among each." In that case, there were two elements which distinguish it from this : first, the testator declares, "I give, bequeath and devise to my children,"—proceeding to name them ; second, the bequest is to the *heirs* and *legal representatives* of Mrs. Billingslea. To hold that the persons last named took *per capita*, would involve the testator in the anomaly of declaring that the personal representatives, no matter how many, of his deceased daughter, should · share his bounty equally with his living children. We think the testator, by employing the terms heirs and legal representatives, intended to designate his daughter's estate, and confer on its distributees one share. The context showed that the testator did not intend his grand-children should take *per capita.*—2 Jarman on Wills, (2d American ed.) 111–12.

In the case of Blackler v. Webb, 2 Pr. Wms. 383, a testator "bequeathed the surplus of his personal estate equally to his son James and to his son Peter's children, to his daughter Traverse and to his daughter Webb's children, and to his daughter Man." It was held, that the children of Peter, and of Mrs. Webb, each took equally with the other children of the testator—*per capita*, and not *per stirpes*. To the same effect are the cases of Butler v. Stratton, 3 Bro. C. C. 367 ; Weld v. Bradbury, 2 Vernon, 705. These authorities seem to us to be precisely in point, and decisive of this case.

There is no error in the record, and the decree of the probate court is affirmed.