## SMITH *vs.* ASHURST AND WIFE.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *When legatees take per capita.*—Under a residuary bequest to " my niece, Frances Ellen Johnson, and the children of my brother Richard," the legatees take *per capita*, and not *per stirpes.*
2. *Who take as " children."*—Under a residuary bequest to " the children of my brother Richard," children born after the testator's death take nothing.

APPEAL from the Probate Court of Tallapoosa.

IN the matter of the partial distribution of the estate of Thomas W. Coker, deceased, whose last will and testament had been duly admitted to probate in said county, and contained the following residuary clause: " Lastly, t is my will that the residue of my estate, both real and personal, be converted into cash, as my executors can do so to the interest of the legatees, and the whole amount be equally divided, *pro rata*, between my niece, Frances Ellen Johnson, and the children of my brother, Richard C. Coker." Under this clause of the will, the probate judge ruled, that the legatees took " by classes "—that is, that Frances Ellen Johnson (now Mrs. Ashurst) took one moiety, and the children of Richard C. Coker the other

Smith v. Ashurst and Wife.

moiety; and further, that Charlotte Coker and Richard Coker, children of said Richard C. Coker, who were born after the death of the testator, took nothing. These two rulings of the probate court are now assigned as error.

GEO. W. GUNN, for appellants, cited the following cases:

1. That the testator intended his niece Frances Ellen and the children of his brother Richard to take *per capita*. Duffee v. Buchanan, 8 Ala. 27; Walker v. Moore, 1 Beavan, 608; *Ex parte* Leitch, 1 Hill's Ch. 153; Blackler v. Webb, 2 P. Wms. 383; 2 Jarman on Wills, 80–81.

2. That the children of Richard C. Coker, born after the testator's death, took equally with the others under the residuary clause—Jenkins v. Freyer, 4 Paige, 47; Cole v. Creyon, 1 Hill's Ch. 322; Ellison v. Avery, 1 Vesey, sr. 11; 2 Jarman on Wills, 54–5, and note; 2 Williams on Executors, 718, and authorities there cited.

WM. H. BARNES, *contra*, cited the following authorities:

1. To the first point above stated: Walker v. Griffin, 11 Wheaton, 375; Jourdan v. Green, 1 Dev. Ch. 270; Cole v. Creyon, 1 Hill's Ch. 319; Alder v. Beal, 11 Gill & John. 123; Roome v. Counter, 1 Halsted, 111.

2. To the second point: Devisme v. Mells, 1 Bro. C. C. 537; Andrews v. Partington, 3 Bro. Ch. Cases, 401; 5 Paige, 172.

STONE, J.—Mr. Jarman, in his admirable work on Wills, (vol. 2, p. 111,) says: "Where a gift is to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., they take *per capita*, and not *per stirpes*."

The same rule applies where a devise or bequest is made to *a person* described as standing in a certain relation to the testator, and *the children* of another person standing in the same relation, as to "my brother A., and the children of my brother B.," in which case A. takes only a share equal to that of one of the children of B., though it may be conjectured that the testator had a distribution according to the statute in his mind. And of course it is

immaterial that the object of the gift are the testator's children and grandchildren: as where a legacy was bequeathed "equally between my son David, and the children of my son Robert."

The principle stated above is well sustained by authorities, and must be regarded as the general rule.—See Blackler v. Webb, 2 Pr. Williams, 383; Jourdan v. Green, 1 Dev. Eq. 270; Duffee v. Buchanan, 8 Ala. 27; Vanzant v. Morris, 25 Ala. 285; *Ex parte* Leitch, 1 Hill's Ch. 152.

The case of Howard v. Howard, 30 Ala. 391, is decided on the principle stated above.

This mode of construction will yield to a very faint glimpse of a different intention in the context.—2 Jarman, side page 111. If, however, the context gives no evidence of a different intention, the general rule stated above must prevail.

We have carefully considered the provisions of this will, and can find no authority for taking this out of the general rule. On the contrary, we think the will, considered in its various devises and bequests, furnishes strong persuasive evidence that Frances Ellen Johnson and the children of Richard Coker should take, under the residuary clause, *equally* and *per capita*..

[2.] We concur with the probate court in holding that the children of Richard Coker, born after the death of the testator, take nothing under this will.—Jourdan v. Green, 1 Dev. Eq. 270, and authorities on brief; 2 Jar. on Wills, side pages 74–5; Vanzant v. Morris, *supra*.

For the error in dividing the residuary bequest *per stirpes*, and not *per capita*, the judgment of the probate court is reversed, and the cause remanded.