# Varner *v.* Young's Executor *et al.*

### Bill in Equity by Children, claiming under Deed of Gift, against Trustee's Executor, for Settlement of Trust.

1. *Gift to grantor's wife "and her children"; whether after-born children take.*—Under the principles declared in the case of *Vanzant v. Morris*, 25 Ala. 285, which "remain unaffected by any later ruling of this court," a deed of gift, by which the grantor conveys lands in trust for his wife "and her children, to her and their proper use, and exclusive benefit and behoof forever, in fee simple," vests in the wife and her only child then living equal undivided interests in the property, to the exclusion of after-born children.

2. *Foreign judicial decisions.*—The decisions of foreign courts, like foreign statutes, must be proved, before they can be made the basis of judicial decisions by our courts. In construing a deed of gift executed in Georgia, this court will not be governed, as by an authoritative adjudication, by a decision of the court of last resort in that State, which was not proved and offered in evidence.

3. *Gift to grantor's wife "and heirs of her body by her said husband."*—A deed of gift, by which the grantor conveys lands to his wife "and the heirs of her body by her said husband," creates an estate tail at common law ; but, if the subject of the gift be slaves, or other personal property, the absolute title is vested in the wife, under the laws of Alabama, and under the laws of Georgia (Code of 1873, § 2250), as proved in this case.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 17th January, 1874, by Young Charles Varner and others, only living children of William Varner and Hasletine J. Varner, his wife, against the executor of the last will and testament of Leonard H. Young, deceased, his heirs-at-law, and the legatees and devisees under his will. Its object was to enforce a trust in lands, which had been conveyed to said Leonard H. Young as trustee, as hereinafter more particularly stated, and to compel a settlement and account of his trusteeship. The alleged trust originated in Georgia, where the parties then resided, and arose in this manner : On the 28th December, 1857, William Varner, who was the father of the complainants, and had married a daughter of said Leonard H. Young, conveyed certain slaves, in consideration of natural love and affection, to his wife, "Hasletine J. Varner, and the heirs of her body by her present husband, William Varner, and their assigns ;" " to have and to hold the said property, unto the said Hasletine J. Varner and the heirs of her body by her said husband, and assigns, to her and their own proper use, benefit, and behoof, forever." At the time this deed was executed,

said William Varner and wife had one child living, Rebecca Ann Yula by name, who was born on the 13th September, 1857, and died on the 22d March, 1858, before any other child was born to them. In July, 1857, said William Varner, Leonard H. Young, and one W. H. Goss, who had also married a daughter of said Young, purchased a tract of land in Troup county, Georgia, where they all then resided, at a public sale made by the executor of the last will and testament of Nicholas Lewis, deceased; and each gave his three promissory notes, with the other two as sureties, for his part of the purchase-money. In payment of Varner's notes, or some of them, the executor of Lewis agreed to accept three of the slaves conveyed by the said deed of gift, which had up to that time continued in the possession of said William Varner; and in order to perfect the title to the said slaves, no trustee having been named in the deed of gift, the said Leonard H. Young was appointed trustee by the Superior Court of said county, exercising chancery powers, and was authorized to sell the said three slaves, and to invest the proceeds of sale in lands; and he accordingly conveyed them to said executor, who thereupon delivered up Varner's notes. On the same day, February 25, 1858, and as part of the same transaction (according to the allegations of the bill), said William Varner conveyed his portion of the said tract of land, in consideration of natural love and affection for his wife and children, to the said Leonard H. Young, " as trustee of Hasletine J. Varner and her children, to her and their proper use, and exclusive benefit and behoof forever, in fee simple."

On the 27th January, 1860, on the petition of said Young and Mrs. Varner, addressed to the judge of the Superior Court of Troup county, sitting in equity, Young was "relieved" of the office of trustee, and William Varner was appointed trustee in his stead, and was authorized to sell the land, at private sale, to said Young. The petition, after stating the execution of the deeds as above described, and the appointment of Young as trustee, alleged that the land was still chargeable with an outstanding vendor's lien for an unpaid portion of the purchase-money, and that the slaves conveyed by the deed of gift were liable for the debts which William Varner owed at the time of its execution; and asked that said Varner, being substituted as trustee, might be authorized to sell and convey the land to said Young, at private sale, as he was willing to purchase on terms more advantageous to the trust estate than any one else. On the same day, 27th January, 1860, William Varner, describing himself as "trustee for Hasletine J. Varner and her children,"

and purporting to act under the power conferred by the said decree in equity, conveyed the lands to said Leonard H, Young, with covenants of warranty as trustee. The bill alleged that this order in equity was void for want of jurisdiction, and also on the ground of fraud, in fact and in law; and said Young having died in Chambers county, Alabama, in June, 1873, sought a settlement of his accounts as trustee in regard to the lands, and the crops which he had raised thereon after his purchase from said William Varner, except as to the share of Mrs. Varner.

The defendants demurred to the bill, for want of equity, and for misjoinder of parties; but the chancellor (Hon. B. B. McCRAW) overruled their demurrer. They then filed answers, setting up various matters of defense, which, under the decision of this court, it is not necessary to notice. The cause was submitted for final decree, on pleadings and proof; and in the register's note of the testimony offered, it is stated that the complainants offered the "Georgia Code;" but the only provisions of that Code copied in the transcript, as "Sections of Georgia Code read in evidence by complainants," are sections 2320 (2294), 2323 (2297), 2324 (2298), 2327 (2301), 4221 (4162), 4222 (4163), 4223 (4164), and 422k (4165), which relate to trust estates, and to the appointment and removal of trustees. The chancellor held, on the pleadings and evidence, that the suit was an attempt to revive an old trust which had been already settled by judicial determination in Georgia, while all the parties resided there. He therefore dismissed the bill, and his decree is now assigned as error.

W. H. DENSON, for appellants.—1. Under the deed of gift, as judicially construed by the decisions of the courts of both Alabama and Georgia, Mrs. Varner and her only living child took joint and equal interests in the property conveyed, subject to diminution to let in after-born children.—*Jackson v. Coggin*, 29 Geo. 403; *Nimmo v. Stewart*, 21 Ala. 690; *Robertson v. Johnson*, 36 Ala. 200; *Henderson v. Segars*, 28 Ala. 359; *Fellows v. Tann*, 9 Ala. 1003; *Vanzant v. Morris*, 25 Ala. 285. As the deed was executed in Georgia, where all the parties resided, and where the property was, the decisions of the courts of Georgia should control the construction of the deed.—*Bloodgood v. Grasey*, 31 Ala. 575.

2. The judicial proceedings in Georgia, by which it was attempted to discharge Young from the trust, and to substitute Varner in his stead as trustee, are null and void.—Georgia Code, §§ 2320, 2327, 4221–24, as read in evidence; *Hill v. Printup*, 48 Geo. 453; *Shine v. Redwine*, 30 Geo. 780; *Burney*

*v. Spear*, 17 Geo. 224; *Carey v. Hoxey*, 11 Geo. 645; *Thompson v. Whitman*, 18 Wallace, 457; *Williamson v. Berry*, 8 Howard, 495; *Lamar v. Gunter*, 39 Ala. 334; *Elliott v. Piersol*, 1 Peters, 328.

W. H. BARNES, and JOHN A. HOLMES, *contra.*—The deed of gift vested the entire interest in the property in Mrs. Varner, and her only living child, to the exclusion of after-born children.—*Thomas v. Denton*, 15 Ala. 583; *Vanzant v. Morris*, 25 Ala. 285; *Smith v. Ashurst*, 34 Ala. 208. The complainants, therefore, having no interest in the trust property, their bill is without equity, and the other questions raised on the record are immaterial.

STONE, J.—In *Wild's case*, Coke's Rep. part 6, page 17, it was resolved, that, "If a man devises land to A and to his children or issue, and they then have issue of their bodies, there his express intent may take effect according to the rule of the common law, and no manifest and certain intent appears in the will to the contrary; and therefore, in such case, they shall have but a joint estate for life. But, * * if a man * * devises land to husband and wife, and after their decease to their children, or the remainder to their children; in this case, although they have not any child at the time, yet every child which they shall have after may take by way of remainder, according to the rule of law; for his intent appears, that their children should not take immediately, but after the decease of the [husband] and his wife." In the same case, and in another place, it had been resolved, "that if A devises his lands to B and to his children or issues, and he hath not any issue at the time of the devise, that the same is an estate-tail; for the intent of the devisor is manifest and certain, that his children or issues should take, and, as immediate devisees they cannot take, because they are not in *rerum natura;* and by way of remainder they can not take, for that was not his intent, for the gift is immediate; therefore, these such words shall be taken as words of limitation."

Following the doctrine above declared, this court, in *Vanzant v. Morris*, 25 Ala. 285, said: "Where the devise is in terms immediate, and so intended by the testator, and the description of the person to take is general, there, none that do not fall within the description at the time of the testator's death can take; therefore, the after-born must be excluded; but, where the enjoyment of the thing devised is, by the testator's expressed intent, not to be immediate by those among whom it is finally to be divided, but is postponed to

a particular period, or until a particular event shall happen, then, those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take." This language our predecessors quoted and adopted from the opinion by Downes, C. J., 1 Ball & B. 459.

The language of the will construed in *Vanzant v. Morris, supra*, was, "My daughter Margaret, I bequeath to her and her children my slave Hannah." The complainants, who claimed an interest with their mother in the slave Hannah and her increase, were the children of Margaret, named in the will, and were born before the will took effect by the death of the testator. Speaking of these children, and their asserted claim, our predecessors said, "They took a joint interest in the slave Hannah and her increase."

In the case of *Thomas v. Denton*, 15 Ala. 586, the language of the deed was: "I give, grant, and bequeath unto Wm. Seay and Nancy Ann Seay, together, to all the heirs of Polly Seay's body, the sole right, title to a certain negro girl named Rose, * * with the increase, if any, equally between all the children or heirs of the body of the aforesaid Polly Seay's; to be the only right and property of all her, the aforesaid Polly Seay's children; which negro, I do hereby warrant and forever defend, unto the aforesaid Polly Seay's heirs forever." The court said, " Conceding that the word *heirs* is a synonym for children, as *nemo hæres viventis*, still the deed vests the interest in the slave immediately in the donees, who at the time of its delivery were capable of taking; and there being no trust created by the terms of the deed, it would follow that the complainants, not then *in esse*, could take no title under it."

In *Smith v. Ashurst*, 34 Ala. 208, the will directed the conversion of certain assets into cash, and "the whole amount be divided equally, *pro rata*, between my niece, Frances Ellen Johnson, and the children of my brother, Richard C. Coker." Richard C. Coker had children at the time the bequest took effect, and there were others born afterwards. It was held, that the after-born children did not share in the bequest. See, also, *Furlow v. Merrill*, 23 Ala. 705, which, in respect to the asserted remainder over, seems to be at war with the later case of *Vanzant v. Morris*.

On the other hand, are the following cases, each limiting, in effect, the right and enjoyment of the property, to the life of the mother or father, as the case chanced to be, and directing a division among the children, at the death of such mother or father. In some of them, there was express provision for letting in after-born children. In these it was

held, that the devise, bequest, or conveyance opened, and let in children afterwards born. The cases we refer to are, *Fellows v. Tann*, 9 Ala. 999; *McCroan v. Pope*, 17 Ala. 612; *Nimmo v. Stewart*, 21 Ala. 682; *Henderson v. Segars*, 28 Ala. 352; *Robertson v. Johnson*, 36 Ala. 197; *Dunn v. Bank of Mobile*, 2 Ala. 152. See, also, *Williams v. McConnico*, 36 Ala. 22.

We consider the two classes of cases entirely reconcilable; and hence we hold, that the principles declared in the case of *Vanzant v. Morris, supra*, remain unaffected by any later ruling of this court.

We are referred to the case of *Jackson v. Coggin*, 29 Georgia, 403, as declaring a rule of construction differing from ours; and the position is taken for appellants, that, inasmuch as the deed under which complainants claim was executed in the State of Georgia, by parties then resident there, the Georgia rule must govern in its construction. Foreign laws, and foreign adjudications, to be the basis of decision by us, must be proved. We can not take judicial notice of them.—*Drake v. Glover*, 30 Ala. 382; *Inge v. Murphy*, 10 Ala. 885; *Bloodgood v. Grasey*, 31 Ala. 575; *Sidney v. White*, 12 Ala. 728. The Georgia decision was not given in evidence in the court below, and we cannot regard it as evidence in this court. It can be consulted by us, as we would consult the opinions of any other reputable Supreme Court of a sister State; but it does not bind us as an adjudication.

The deed, on which complainants rely for a recovery, is a voluntary conveyance for love and affection, made by Wm. Varner, father of complainants, then residing in Georgia, on 25th February, 1858, to Leonard H. Young, Varner's father-in-law, as trustee for Hasletine J. Varner and her children; conveying a tract of land to him in trust, "to have and to hold the said premises to the said Leonard H. Young, as trustee of Hasletine J. Varner and her children, to her and their proper use, and exclusive benefit and behoof forever, in fee simple." The deed to the slaves was made on the same consideration; bears date 28th December, 1857, and conveys them to said "Hasletine J. Varner, and the heirs of her body by her present husband, Wm. Varner, and their assigns; * * * to have and to hold the said property, unto the said Hasletine J. Varner and the heirs of her body by her said husband, and assigns, to her and their own proper use, and benefit and behoof forever."

The words by which the slaves were conveyed, if employed in a conveyance of title to land, would have created an estate-tail at common law. Employed in the conveyance of personal property, they vest an absolute title in the first taker. The Code of Georgia is in evidence in this case.—See section

[Smith et al. v. Perry.]

2250, Code of 1873; *Ewing v. Standefer*, 18 Ala. 400; *Edwards v. Bibb*, at last term, and authorities cited.

At the date of each of these deeds, Hasletine J. Varner had one child by her marriage with Wm. Varner—Rebecca Ann Yula. This child died in tender infancy, March 22d, 1858, leaving neither brother nor sister surviving her. Young Charles, the next child of the marriage, was born January 3d, 1859. Several children were born afterwards, who, together with Young Charles, are the only complainants in this suit. When Rebecca Ann Yula died, she left no descendant, and no brother or sister, or descendant of such. Her father, Wm. Varner, inherited her estate.—Georgia Code, § 2484, subd. 5 and 6.

Under the rules declared above, we hold, that Haseltine J. Varner and her then only child, Rebecca Ann Yula, took an equal, undivided interest in the lands conveyed by the deed of February 25th, 1858, and that the after-born children took no interest whatever under that deed. When Rebecca Ann Yula died, her father succeeded to her interest; and when the deed was made to Leonard H. Young—27th January, 1860—the lands belonged equally to Hasletine J. Varner and Wm. Varner, her husband. The complainants in the present suit never had or owned any interest in the lands or slaves, and, consequently, their bill contains no equity.

The decree of the Chancery Court is affirmed.