SYLVESTER V. PAPIN, Respondent, *v.* ADALINE H. BUCKINGHAM *et al.*, Appellants.

*Justices' Courts—Appeals.*—A motion to dismiss an appeal because the penalty in the bond was too small, is not the same thing as a motion for an additional recognizance. (R. C. 1855, p. 800, § 28.)

*Practice—Continuance.*—After the continuance of the cause for the term, the parties are still presumed to continue in court for action upon collateral matters and motions.

*Practice.*—Such proceedings as tend to deprive parties of full and fair trials of their causes should not be favored; but the courts should promote all fair means of trying causes on their merits.

*Appeal from St. Louis Land Court.*

*Krum & Harding*, and *Doan & Eaton*, for respondents.

*C. D. Colman*, for appellants.

BATES, Judge, delivered the opinion of the court.

This was an action of unlawful detainer. After judgment by the justice against all of the defendants, some of them appealed to the Land Court, and in that court the plaintiff moved to dismiss the appeal for various reasons. This motion, being acted on upon the day on which the cause was set for trial, was overruled, the cause continued and process ordered to bring in the defendants who had not joined in the appeal. On the same day, the plaintiff filed a motion for a rehearing of his motion to dismiss the appeal, and also to dis-

miss the appeal for additional reasons, one of which was that the recognizance or bond was insufficient in penalty and in the security given. This motion was entered upon the law docket. A rule of that court ordered that "the clerk shall keep a law docket in which shall be entered all causes in which there may be a demurrer to pleadings or evidence, special verdict, case agreed, point reserved, motion or other matter of law, in the order in which they may arise."

Another rule ordered that "the matters on the law docket shall be heard and determined in the order in which they stand arranged; and if either party fail to appear, he will be deemed to have submitted the matter to the court without argument; and no postponement or continuance of any argument will, in any case, be allowed without good cause shown to the court."

Upon the hearing of this motion, the court ordered that the defendants, on or before the first day of the next term, file a bond with sufficient surety in the sum of two thousand dollars.

On the third day of the next term, the defendants having failed to file the bond, their appeal was dismissed.

Several days afterward, the defendants filed a motion to set aside the order dismissing the appeal. This motion was overruled, and the case is brought here by appeal.

In support of this last motion, the defendants filed an affidavit of their attorney stating that he had no notice of the motion for rehearing the motion to dismiss the appeal other than that given by its being placed upon the law docket, and that neither he nor the defendants had, in fact, any knowledge of the order requiring them to give an additional bond.

The Land Court had authority to order a new recognizance to be filed within such time as would not delay the trial. (R. C., p. 800, § 28.)

It is contended by the appellants, that after the cause had been continued for the term no further action could be had in it, at least without actual reasonable notice to the other party.

It is not understood that this is the rule. Whilst it would be improper to set aside a continuance and proceed to the trial of a cause without notice actually given, yet for the consideration of, and action upon, collateral matters, the parties are presumed to continue in court, and much discretion is left to the court as to such matters. The entry of motions upon a law docket, required by the rules of the Land Court, appears, too, to be a convenient mode of giving notice to parties or their attorneys of motions which otherwise, in a court doing much business, might escape their attention.

There are in this case, however, several circumstances which conduce to show that the Land Court erred in the disposition of the cause. They are, that there was no motion for an additional recognizance, and the appellants, if charged with notice of the motion to dismiss the appeal, might well have been presumed willing to submit that motion without argument to the court which had just overruled a similar motion; that, in fact, the appellants had no knowledge of the order requiring a new bond, and that the trial would not have been materially delayed by permitting them to give the bond at the time of their motion to set aside the order dismissing the appeal.

Whilst we are very unwilling to interfere with the discretion vested in other courts, we must do so when it appears to us that it has been used unwisely to the great prejudice of a party. Such proceedings as tend to deprive parties of full and fair trials of their causes should not be favored, and, on the contrary, the courts should promote all fair means of trying causes on their merits and ending litigation. In this case, we think the court below should, under the circumstances, have set aside the order dismissing the appeal, and permitted the appellants to file a new recognizance if it was requisite.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.