### INNERARITY v. FROWNER.

1. When one becomes a party to a suit, as the administrator of him by whom it was instituted, it is unnecessary to set out the letters of administration; as the defendant, in such a case, is presumed to be always before the Court, and has the opportunity to controvert the right of the person offered to become a party, when he is proposed as such.

2. When a suit is continued, and the continuance entered of record, the parties are then discharged from attendance, until the next term. It is erroneous, afterwards, and during the same term, to proceed to final judgment.

Writ of error to the Circuit Court of Mobile County.

ACTION of assumpsit, commenced by Samuel Acre, in the Spring of 1838. At the Spring Term of 1840, his death was suggested, and James Frowner, his administrator, made a party. The record does not shew how Frowner was appointed, nor is there any evidence of his right, to make himself a party, appearing in any part of the proceedings. The defendant having failed to appear and plead, an interlocutory judgment by default was taken, and the case continued until the next term of

the Court, at which the damages were directed to be assessed
Another entry appears to have been made during the same
term, and probably on the same day, which recites that, at a
former day in the term, a judgment by default had been taken,
and a jury directed to come and assess the damages ; therefore,
then came a jury, who, &c, proceeding with the verdict of the
jury, assessing the damages at five hundred and eighty-five dol-
lars, for which sum judgment was rendered.

Innerarity now prosecutes his writ of error, and assigns ma-
ny causes for the reversal of this judgment, all of which relate
to the manner of reversing the suit, without setting out the title
of the administrator, and the final judgment after the case was
continued.

STEWART, for the plaintiff in error.
CAMPBELL, for the defendant.

GOLDTHWAITE, J.—1. After the defendant was served
with the process in this case, it became his duty to attend to the
progress of the suit, until he should be discharged temporarily,
by its continuance from time to time, or finally, by its termina-
tion, by the judgment of the Court. We must, therefore, pre-
sume that he was before the Court, when the plaintiff's death
was suggested, and the administrator made a party. Then was
the proper time to contest the right of the administrator to be-
come a party to the suit : and the sufficiency of his title could
have been tested by an issue of law, or of fact, as the circum-
stances of the case might have required.

The want of a *profert in curia* of the letters of administra-
tion, in the case of Coopwood v. Taylor, 7 Porter, 33, was held
not to be available after verdict; and by the English practice, is
only matter of special demurrer. We think the same principle
must apply to a case of this description, in which the adminis-
trator becomes a party after its commencement. Justice re-
quires nothing more, than that the defendant shall be permitted
to controvert, if he chooses to do so, the title of the administrator,
when he is proposed as a party to the suit.

We do not consider that it is necessary, that more should be
stated in the record than the suggestion of the death of the

plaintiff, and the admission of his personal representative as a party.

2. It appears that this suit was continued after the interlocutory judgment by default was taken, and that the damages were directed to be assessed at the ensuing term. Afterwards, and during the same term, the damages were assessed, and a final judgment rendered. It is not important to enquire, whether this was done on the same, or a different day, as, in either event, our opinion would be the same. Should it be conceded to be a matter of discretion with the Circuit Court, to set aside a continuance once made and entered of record, which concession, however, we should be slow to allow, it is obvious, such is not the case as presented, because there is no order setting aside the continuance.

It was error in the Circuit Court to proceed, after the case was continued, and the judgment is therefore reversed, and the case remanded.