DUNN & WIFE, ET AL. v. THE BANK OF MOBILE, ET AL.

1. A gift or bequest to *a married woman and her children, born and thereafter to be born*, does not invest her with an estate *to her sole and separate use*, independent of the marital rights of her husband.

2. The meaning of an instrument must be ascertained, generally, from the terms employed; and if these are plain and intelligible, or the instrument can operate, the acts of the parties, claiming under it, are inadmissible, to shew the intention of the party executing it.

3. If an instrument be in the form of a deed of gift, and called such, still, if its purpase be testamentary, and it is only to be consummated by death, it will be admitted to probate, as a will.

4. A gift by will, to children born, and to be born after it takes effect, is good as an executory devise, as it respects the after born children.

5. A bequest to a married woman and her children, born and thereafter to be born, makes them tenants in common—joint-tenancy and its consequences, being abolished in this State;

Dunn & Wife, *et al.* v. The Bank of Mobile, *et al.*

6. If the right of the husband has vested, by his possession of property given to his wife and children jointly, the share of the wife may be levied on by an execution against the husband; but the children may, by suit in equity, injoin proceedings upon the execution until partition is made, &c.

7. *Semble*—If the marital rights of the husband have not attached upon property given to the wife, the latter may apply to equity to prevent the husband from obtaining the possession, until he makes a suitable settlement upon her.

8. Where it was alledged in a bill, seeking to injoin an execution against particular property, upon a suggestion that it did not belong to the defendant, that the same property had been previously levied on by another execution against some of the defendants, at the suit of a different plaintiff, which execution had been injoined,—Held, that such an allegation was not a ground for equitable relief—it did not appear, but that the first injunction was prayed upon a ground having reference to the judgment or process itself, and not to the property levied on.

9. The first section of the act of 1826, " to provide a speedy remedy against the obligors in injunction bonds," applies only to bonds executed, in cases in which *the judgment shall have been injoined.*

This cause comes here by writ of error from the Chancery Court, sitting at Cahawba.

The plaintiffs in error were complainants below in their bill. Among other things, they state, that on the fourth of March, 1833, Christian N. Sims, the mother of Mrs Dunn, deed, duly executed and recorded in the office of the Clerk of the County Court of Dallas, gave to her daughter, and to the children of her daughter, then in life, and thereafter to be born, sundry slaves and other property.

It is further stated, that Mrs. Sims, on the 9th of September, 1833, made and executed her last will and testament, by which she bequeathed to Mrs. Dunn, and her children, sundry slaves and other property.

The complainants alledge, that the slaves mentioned in the deed and will of Mrs. Sims, were intended by her for the separate use and enjoyment of Mrs. Dunn, during her life, and at her death, to be divided among her children; and that such intention had been acknowledged and acquiesced in by the complainants, ever since the death of Mrs. Sims.

The deed and will referred to in the bill, are made exhibits, and copies thereof accompany the same.

Several of the slaves transferred by the deed, being levied on by writs of *fieri facias* against the estate of John Dunn, the

husband, an injunction was awarded, on the prayer of the complainants, to restrain the sale of the same.

The deed and will both declare, that Mrs. Sims gave to her daughter, and the children of the latter, the slaves named in each, as well as other property, without indicating an intention, that Mrs. Dunn should have a life or other estate, to her separate use. At the close of the deed there is a provision in these words, "This deed, it is understood and agreed, is subject to this condition, that is to say, I am to retain the possession and use of said land and negroes, and the profits of them, if I choose, during my life; with this reservation, the deed, in all other respects, and for every purpose, to be established and final." There is no certificate, or other *memorandum*, in the record, showing that the will of Mrs. Sims, had ever been admitted to probate.

The complainants further allege in their bill, that they believe one of the executions, against which an injunction was sought, was for the same identical debt, for which an execution had been previously issued against other defendants, on a delivery bond, and the levy of which, on the slaves now in controversy, was injoined—which injunction was in full force.

Two of the defendants answered jointly, denying all matters alleged in the bill, which are not particularly noticed above, and not admitting those, but insisting in their answer, upon the benefit of a demurrer to the bill, for the want of equity.

On motion of the defendants, the Chancellor dismissed the bill, for want of equity; being of opinion, that the deed and will conveyed the slaves in controversy " to Mrs. Dunn and her children absolutely," and that such was the intention of Mrs. Sims, as expressed therein. The Chancellor held further, that the *interest given to Mrs. Dunn* in the slaves, was subject to the satisfaction of the executions against her husband and directed " that the injunction bond have the force and effect of a judgment."

The plaintiffs here assign for error, that the Court erred in dismissing the bill, for want of equity; and that the decree is erroneous, in giving to the injunction bond, the force and effect of a judgment against any of the obligors, and especially

against Mrs. Dunn, who was a *feme covert* at the time of its execution by her.

G. W. GAYLE and J. B. CLARKE, for the plaintiff.
EDWARDS, for the defendant.

COLLIER, C. J.—First : Neither the paper, which has been designated as a deed of gift, nor the will of Mrs. Sims, invest her daughter, with a *separate estate* for life, or any other period in the property conveyed by them. In Lamb v. Wragg & Stewart, 8 Porter's Rep. 73. it was held, that where property is given or bequeathed to a married woman, without any qualification of the manner in which it is to be possessed or enjoyed, it will vest subject to the ordinary legal and marital rights of the husband. But, if there be a fairly and clearly express-ed intention of the donor, that the wife shall have an estate therein to her own separate use and disposal, such intention shall take effect.

In the case before us, the terms in which the property is given, are general and unqualified, to Mrs. Dunn and her children, so that it cannot be pretended that the former was entitled to a separate estate for life in all, or any part of the property given.

The interpretation of the deed and will, cannot in general, be controlled by the acts of the parties claiming under them ; but, for the purpose of ascertaining their meaning, we must look to the terms employed—these being clear, and not requiring extrinsic aid, parol evidence of intention is inadmissible. The acquiescence of the children of Mrs. Dunn, in her claim to a *separate estate for life*, cannot therefore, invest her with such an interest.

Second : The deed was only to become operative upon the death of Mrs. Sims, unless she should elect during life, to part with the possession of the property it disposes of. If an instrument be in the form of a deed of gift, and called such, still, if its purpose be testamentary—if it is only to be consummated by death, and not to operate during life, probate will be granted of it as a will. [Lovelass on Wills, 317, 25 Vol. L Lib ; Henry v. Ballard, 2 Caro. L Rep. 595 ; Lyles v. Lyles, 2 Nott

& McC. Rep. 531; Milledge v. Lamar, 4 Dess. Rep. 617; Druce v. Dennison, 6 Ves, Jr. Rep. 385.

If necessary then to effectuate the intention of the donor, the deed may be regarded as a testamentary paper, and operate as such. Regarding it as a will, the gift to the children of Mrs. Dunn, to be born after its execution, may take effect as an executory devise. [2 Bla. Com. 173; Lovelass on Wills, 325; (3 Vol. L. Lib.) Smith v. Attersoll, 1 Russell's Rep. 266; Claflin v. Perry, 12 Mass. Rep. 425; Nasar v. Smith, 3 Dess. Rep. 550; Pratts Lessee v. Flamer, et al. 5 Har. & John's Rep. 10; Wilkinson v. Adam, 1 Ves. & B. Rep. 422; Doe, ex dem. Clarke v. Clarke, 2 H. Bla. Rep. 399.

The deed does not give to Mrs. Dunn, an estate for life, in the land and slaves described in it, to the exclusion of her children during that period. The donor declares the intention, that Mrs. D. and her children then in life, (who are designated by name) and those thereafter to be born, shall enjoy her bounty, immediately after her death. As a joint-tenancy and its consequences have been abolished in this State, all who are provided for by the deed, are made *tenants in common*; those in life obtaining an interest *in præsenti*, immediately upon the donor's death, and the children born after that event, becoming upon their birth, entitled to an equal share with their mother, and elder brothers and sisters.

Third: The bill does not deny, that such a possession has vested in the husband, in the property given and bequeathed by Mrs. Sims, as would cause his marital rights to attach; and we cannot intend anything beyond the allegations of the bill. If the husband's rights, in virtue of his marriage, did vest in possession, the levy was regular; and, be this as it may, the reverse is not alledged to be true. [Williams & Battle v. Jones, at this term.]

Though the levy may be regular, yet the children of Mrs. Dunn, might arrest by injunction proceedings thereon, until partition shall be made, and may require security to insure contribution from their mother's share, so as to provide shares for after born children. Williams & Battle v. Jones—*supra*.

So, if the marital rights of the husband had not attached, we will not say, that it was not allowable for the wife to obtain

Dunn & Wife, et al. v. The Bank of Mobile, et al.

an injunction, and through the medium of a Court of Equity, a settlement out of the property given and bequeathed to herself and children.   [Atherley on Marriage Sett. 350.]

Fourth: The ground upon which an injunction was obtained against levying an execution in another case, against the property now in controversy, is not stated in the bill; and we cannot know, but it had reference to the judgment or process itself, rather than the condition of the slaves.   If so, there can be no pretence for holding that the pendency of that injunction, forms, in the present case, a substantive cause for equitable interference.

Fifth: By the first section of the act of 1826, " to provide a speedy remedy against the obligors in injunction bonds," it is enacted that " every bond executed for the purpose of obtaining an injunction, shall, on the dissolution of the said injunction, have the force and effect of a judgment; and it shall be lawful for the party or parties, whose judgment may have been injoined, to take out execution against all the obligors in the bond, for the amount of the judgment which shall have been injoined, together with lawful interest thereon, and also the costs incurred in and about the said chancery proceedings." Though the first clause declares, that 'every bond' &c. shall have the force and effect of a judgment," yet the succeeding words clearly limit it to cases, in which the "judgment" shall "have been injoined."   In the case before us, the judgment remained in full force, and the execution itself was only suspended, as against the property levied on.   The bond then, did not operate as a judgment, and the decree of the chancellor, declaring that such should be its effects, is consequently erroneous, and must be reversed.   And as the rights of the children of John Dunn and wife, cannot be definitively settled upon the bill in the present case, the bill is dismissed, without prejudice to the children.   The cost of this Court are to be paid by the defendants in error, and the costs in the Court of Chancery, are to be paid by the plaintiffs.