Newell v. Clodfelter et al.

WILLIAM NEWELL

V.

MARY E. CLODFELTER ET AL.

PRACTICE—SETTING ASIDE ORDER—NOTICE TO OPPOSITE PARTY.—After a general order of continuance has been entered in a cause, it is error to set aside such order in the absence of the opposite party, no notice having been given him of any intended application to set aside.

APPEAL from the Circuit Court of Richland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. CANBY & EKEY, for appellant; that it was error to set aside the continuance without notice to appellant, cited McKee v. Ludwig, 37 Ill. 28; Mattoon v. Hinkley, 33 Ill. 208.

Mr. B. B. SMITH, for appellees.

BAKER, J.　On the 30th day of October, 1877, a decree was entered in this cause in vacation. At the November term, 1877, of the Richland Circuit Court, a motion was filed to set aside the decree that had been so entered, and said motion was sustained, and the decree was vacated, and a re-hearing of said cause was granted.

At the April term, 1878, of said court, a general order of continuance was entered in the case. On a subsequent day of the term this order of continuance was set aside by the court in the absence of solicitors for appellant, and a final decree was rendered. No notice was given to appellant, or to his solicitors, of any intended application to set aside the order of continuance.

The appellant was entitled to a reasonable notice before the order of continuance was set aside, and a final decree upon the merits rendered against him. McKee v. Ludwig, 30 Ill. 28; Mattoon v. Hinckley, 33 Ill. 208.

For this error the decree herein must be reversed and the cause remanded for a re-hearing.

As the evidence in the record is exceedingly meagre and unsatisfactory, and as there will be a re-hearing, wherein the evidence will probably present the facts in a more tangible shape, we omit any discussion of the errors assigned that involve the merits of the controversy.

Reversed and remanded.

ALLEN, J., took no part in the decision of this case.