MEMPHIS LAND & TIMBER COMPANY *v.* BOARD OF DIRECTORS OF

ST. FRANCIS LEVEE DISTRICT.

Opinion delivered May 3, 1902.

1. APPEAL—CONCLUSIVENESS OF TRANSCRIPT.—Where a transcript in a case based on constructive service fails to contain an affidavit for warning order, it will be presumed that none was filed, and the defect cannot be supplied by an affidavit of the clerk of the trial court stating that such an affidavit was filed but was afterwards lost. (Page 410.)

2. WARNING ORDER—NECESSITY OF AFFIDAVIT.—An affidavit that the defendants were nonresidents of the county was required by the St. Francis levee act of April 2, 1895, as a prerequisite to the publication of a warning order against them in a proceeding for the collection of levee assessments against delinquent lands. (Page 410.)

Appeal from Cross Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

STATEMENT BY THE COURT.

This is an action brought by the board of directors of the St. Francis Levee District, in the chancery court of Cross county, to recover assessments made against certain tracts of land in that county. There was a decree against the defendants, Memphis Land & Timber Company, and H. M. Neeley, and against lands owned by them, and they appealed.

*T. E. Hare* and *Rose, Hemingway & Rose,* for appellant.

No warning order can issue until plaintiff has filed affidavit as required by law. Sand. & H. Dig., § 5679. The failure to do this is not cured by the recitals in the decree. 25 Ark. 60. The affidavit was bad. Sand. & H. Dig., § 4685; 39 Ark. 61; 11 Ark. 120; 30 Ark. 719. These objections might not be good on collateral attack; they are fatal on appeal. 66 Ark. 6.

*J. C. Hawthorne,* for appellee.

This court will presume that the chancellor's finding was supported by the evidence, to the extent of curing every defect. 45 Ark. 240; 43 Ark. 451. No affidavit for warning order was necessary. Acts 1895, p. 88.

RIDDICK, J., (after stating the facts.) ' The appellants in this case were nonresidents. They did not appear in the action, and the decree against them was based on a constructive service by publication of a warning order. The record here does not show that there was any affidavit made as a foundation for the warning order against the defendants. The complaint filed in this action is neither signed nor verified as required by the statute, and no affidavit for the warning order appears in the transcript. There is, however, an affidavit of the deputy clerk of the chancery court, filed with the transcript here, stating that an affidavit for the warning order had been made and filed with the clerk of the chancery court, and that it was afterwards lost, but this statement of the deputy clerk, not being a part of the record of the case, cannot be considered.

We must presume that the transcript of the case filed here is a true and perfect copy of the record. If incorrect or incomplete, it should have been corrected by appropriate proceedings. This has not been done, and we cannot go outside the record for facts, but must determine the case from the facts as they appear in the record. No affidavit for warning order being found in the record, we must take it as established that none was made. *Stayton* v. *Newcomer,* 6 Ark. 451; 3 Cyc. 152; 2 Enc. Pl. & Pr. 296.

It is said on part of appellee that, in proceedings of this kind for the collection of assessments against the land of nonresidents, no affidavit for a warning order was required. But we do not concur in this statement. The statute directs that suits for the collection of these assessments "shall be conducted in accordance with the practice and pleadings of chancery courts in this state," except as therein otherwise provided. The statute then proceeds to name certain exceptions in the matter of not requiring attorneys or guardians *ad litem,* etc., but does not dispense with the necessity of an affidavit as the foundation for a warning order. Acts 1895, p. 88. We conclude that an affidavit that the defendants were nonresidents of the county was required by law as a prerequisite to the publication of the warning order against them. As the record

stands here, we must hold that the court erred in rendering a decree in this case when no affidavit for warning order was made.

Judgment reversed, and cause remanded for further proccedings.

WOOD, J., absent.