## HAYES *v.* KIRBY.

### Opinion delivered July 8, 1907.

1. TRIAL—GOING TO TRIAL AFTER CONTINUANCE.—It was error for the court to proceed with the hearing of a case in the absence of the defendant and without notice to him or his solicitor, after an order of continuance to the next term had been entered. (Page 369.)

2. Appeal—notice—presumption.—Where the transcript does not show that notice was given to a party that his case would be tried after it had been continued for the term, and there is no recital of notice in the decree, it will not be presumed on appeal that due notice was given. (Page 369.)

Appeal from Desha Chancery Court; *James C. Norman,* Chancellor; *X. O. Pindall,* Special Chancellor; reversed in part.

*Pugh & Wiley,* for appellant.

It was an abuse of discretion in the court to take up the case and render a decree in the absence of appellant and his solicitor, after having granted an order of continuance. This was error.

*J Bernhardt,* for appellee.

There is no showing of fraud in procuring the decree. This must appear before appellant is entitled to relief. 73 Ark. 286; *Id.* 440; 75 Ark. 415.

McCulloch, J. Appellee, W. R. Kirby, instituted this suit in equity against appellant, Daniel Hayes, to foreclose a mortgage on land alleged to have been executed by the latter to him as security for the payment of debt evidenced by notes and book account. The mortgage, notes and account were exhibited with the complaint.

Appellant filed his answer, duly verified, denying that he executed the mortgage or acknowledged the execution thereof before any officer, and alleging that the plaintiff signed his (defendant's) name to said instrument without his knowledge or consent and induced the notary public to make a certificate of acknowledgment thereto without defendant ever having appeared before the officer. He also alleged that the land described in the mortgage is his homestead. The court, at the April term, 1906, entered an order continuing the case until the next term, and two days later during the same term, the court, in the absence of the defendant and his solicitor, rendered a final decree in favor of the plaintiff for the recovery of the debt, foreclosing the mortgage and ordering the land sold by commissioner. The decree recites the absence of the defendant, and that the cause was heard upon the complaint, the original notes, mortgage and verified account filed by the plaintiff

and upon the answer of the defendant. At the next term the defendant filed a petition to have the decree vacated on the ground that it was rendered in his absence after the order of continuance had been entered. The prayer of the petition was denied, and the defendant obtained an appeal from the clerk of this court. The appeal was granted within a year from the date of the original decree, and therefore brings up for review the whole record.

It was error for the court to proceed with the hearing of the cause in the absence of the defendant without notice to him or his solicitor, after an order of continuance had been entered. To do so was to deny him an opportunity to be heard.

This is a direct attack upon the decree by appeal, and we can indulge no presumptions, not sustained by the record itself, in favor of its validity. We cannot presume that notice was given when no evidence of it appears in the record, and no recital of notice is contained in the decree. The transcript certified by the clerk is conclusive evidence that it is a true and correct record of all the proceedings. *Memphis Land & Timber Co.* v. *Board Dir.,* 70 Ark. 409. The rule is different where the decree is attacked collaterally. In such cases every presumption is indulged in favor of the validity of proceedings.

Inasmuch as the answer contained no denial of the existence of the debt, the decree for its recovery is affirmed; but the decree for foreclosure of the mortgage and sale of the land is reversed and remanded for further proceedings.