JOHN G. JONES, Respondent, v. THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 2, 1914.

1. JUDGMENTS: Default: Motion in the Nature of a Writ of Error Coram Nobis. An attorney, representing a defendant that had been served with summons and had filed answer, had a telephone conversation over the telephone with plaintiff's leading counsel in which they agreed that the cause should be continued at the approaching April term. Defendant's at-

torney, thinking there was also an agreement not to try the case until after an attempt to compromise had first been made, paid no further attention to the case at the next succeeding term in September. At this term when the case was reached and called, one of plaintiff's counsel answered that the case should be continued. Thereupon the court made an order of record continuing the case by agreement. Three days later another of plaintiff's counsel had said order set aside but no notice thereof was had by defendant. Thereafter, at the same term, judgment was rendered against defendant in its absence. The defendant, upon learning of the judgment, filed a motion in the nature of a writ of error *coram nobis* to set it aside, which motion the court overruled. *Held*, that the entering of the order of continuance by the court was equivalent to a direction from the court that defendant could depart from the forum and not reappear until the time provided by statute for holding the next term; that the fact that defendant was not actually present when the continuance order was entered made no difference, since in theory of law defendant was constructively present and heard the order made. *Held*, also, that the fact plaintiff's attorney had the case continued by mistake made no difference, since there was nothing to inform defendant of that fact. Defendant was bound to take notice of everything done until the order of continuance was made but was not bound to take notice of anything done at that term thereafter unless notified thereof.

2. ———: ———: Jurisdiction to Render Judgment in Absence of Defendant. It is only upon the theory that a defendant is constructively present in court at the time judgment is pronounced, that will authorize the rendition of judgment in the personal absence of the defendant.

3. ———: ———: ———. When the court, after the continuance, proceeded at that term to render judgment as though the defendant was constructively in court, it acted as though a fact, which was material to its right to proceed, existed, when it did not exist, and when the absence of the fact assumed to exist entirely defeated the power of the court to proceed at that time. The judgment was therefore open to attack by means of a writ of error *coram nobis*.

Appeal from Jackson Circuit Court.—*Hon. A. D. Burnes*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. S. Herndon* and *Brown & Eastin* for appellant.

The Statute of Limitations in regard to irregularities applies to such as appear on the fact of the proceedings, and not to such as are brought before the court by evidence *aliunde,* as in this case. Graff v. Dougherty, 139 Mo. App. 56; Parks v. Coyne, 156 Mo. App. 379; Colter v. Luke, 129 Mo. App. 702; Perry v. Stone Co., 173 Mo. App. 414; Bank v. Martin, 171 Mo. App. 194; Craig v. Smith, 65 Mo. 536.

*Pross T. Cross* for respondents.

(1) Before a judgment can be set aside on the ground of fraud, it must appear that the fraud was practiced in the very act of procuring the judgment. The judgment must be concocted in fraud. Cross v. Gould, 131 Mo. App. 603; Fears v. Riley, 148 Mo. 58; McDonald v. McDonald, 242 Mo. 172; Mody v. Peyton, 135 Mo. 489; Stave Co. v. Butler Co., 121 Mo. 630. (2) The burden is upon defendant to prove such fraud by clear, strong and cogent evidence, leaving no room for reasonable doubt of its existence. And every presumption is to be indulged in favor of the integrity of the judgment. Johnson v. Realty Co., 167 Mo. 338-9; Lieber v. Lieber, 239 Mo. 31. (3) If the judgment was rendered by reason of the neglect, oversight or laches of the defendant or its attorney, the court will not set the judgment aside. Colter v. Luke, 129 Mo. App. 707; Fisher v. Fisher, 114 Mo. App. 632; Anderson v. Perkins, 52 Mo. App. 527; Gehrke v. Jod, 59 Mo. 522.

TRIMBLE, J.—This case is a companion of the case of Byron Jones by next friend v. The St. Joseph and Grand Island Railway Company just decided by this court. Respondent herein is the father of respondent in that case and sued at the same time as his son for injuries alleged to have been sustained in the same

way and on the same occasion. Appellant seeks by motion in the nature of a writ of error *coram nobis* to set aside a judgment for $2500 rendered against it at the September, 1913, term of the circuit court of Clinton county.

With one very important exception the facts in this the father's case are the same as in the son's. The suit was returnable to the January, 1913, term, at which answer was duly filed, and the cause was continued by agreement to the April term. Under the agreement made in the telephone conversation mentioned in the Byron Jones case, had between defendant's attorney, L. J. Eastin, at St. Joseph and plaintiff's principal attorney, Pross T. Cross, at Lathrop, the case was again continued at the April term. As in the son's case so in this, the contention of appellant is that this telephone conversation not only provided for a continuance at the April term but also contained an agreement or understanding that an attempt would be made to settle by compromise before any further steps would be taken in the case. Respondent denies that any such agreement or understanding was had.

The September term began on September 22, 1913, and this cause appeared on the docket for the 23rd of that month. Unlike the Byron Jones case, in which no entries were made except that containing the judgment, there were certain entries made which we think create a vital distinction between this and the Byron Jones case. When the case at bar was reached on the 23rd and called, Mr. Musser, one of the plaintiff's attorneys, announced that the case was continued, and the court made and entered of record the following order:

"Come now the parties in the above-entitled cause, by their respective attorneys, and by the mutual agreement of the said parties here in open court made it is ordered by the court that this cause be and the

same is hereby continued until the next regular term hereof." It seems that Mr. Musser had received from his associate, Mr. Cross, who was principal counsel in the case, instructions over the telephone to have a case continued, and Mr. Musser upon entering the court room and hearing the court call the case now under consideration, made the announcement resulting in the continuance of the case. Upon learning that Musser had continued this case instead of the one Cross intended he should, Cross appeared in court on the 26th of September and the court made and entered of record the following order:

"It is ordered by the court that the order of continuance heretofore made herein be and the same is hereby set aside."

This was done without notice to defendant. Thereafter, just before the September term expired, respondent called the case for trial, and the defendant not appearing, a jury was waived, evidence was heard and the cause submitted to the court resulting in a judgment for $2500 the amount sued for in the petition.

As stated before, the fact that a continuance was entered in this case on the day it was set and called makes a vital difference between it and the other case in which nothing of the sort was done. The record of the court recites that the parties appeared in open court and mutually agreed, and the court ordered, that the case be continued until the next regular term. That announcement and order was equivalent to a direction or permission from the court that defendant could depart from the forum and not reappear until the time provided by statute for the holding of the next term. The defendant was constructively present in court and heard that order made and was thereupon entitled to depart and pay no attention to the case until the convening of the next term. [Mansur v. Pacific Mut. Ins. Co., 136 Mo. App. l. c. 727.] If for any reason the opposite side was entitled to have that order set aside

Jones v. Railroad.

after the departure of the defendant, the latter was entitled to notice thereof. At least no order or judgment affecting the substantial rights of the defendant could thereafter be taken *at that term* until the defendant was given due notice thereof and was again either actually or constructively in court in that case. The fact that plaintiff's attorney Musser, made a mistake in agreeing that the case should be continued does not change the situation. The defendant would know nothing of the mistake and in theory of law could know nothing of it until notified in some way. Nor is the situation affected by any of the inferences which might be drawn from the evidence submitted under the motion on which this proceeding is based. If defendant's attorney Eastin was justified, as a result of the telephone conversation, in thinking the case would be continued because no effort to compromise had first been made, the announcement of Musser would be construed as being made in accordance with the telephone understanding. If on the other hand no agreement beyond the April term was included or could be inferred from the telephone conversation yet, as the defendant was desiring a continuance, the moment plaintiff's attorney announced a continuance there was an agreement of parties which the court recognized and put into effect by an order of record. By it defendant was constructively notified that the court, acting upon the consent to a continuance given by plaintiff, had granted defendant permission to go until next term. It was the same as if its attorney, Mr. Eastin, was sitting there in court and, having no agreement for a continuance but earnestly desiring one, had heard plaintiff's attorney, Musser, announce the continuance of the case and had seen and heard the court's order thereon and had then immediately picked up his hat and left the court room not knowing that Musser had made a mistake. In that event the court would have no jurisdiction to thereafter render judgment against

the defendant at that term until after the order of continuance had been set aside upon notice. given. The record recites in the order of continuance that the parties appeared and the cause was continued. The order setting this aside says nothing about the appearance of parties but merely that the court set the order aside. At this time, however, the defendant was neither actually nor constructively in court for the remainder of that term and had not been since the making of the continuance order. The evidence on the motion shows that no notice in any way was given defendant of the setting aside of the order of continuance. After that order was entered the defendant was neither actually nor constructively in court for the rest of the term, and hence until defendant was again actually or constructively brought back into court at that term by notice of some kind, the court was without jurisdiction to render judgment against defendant *at that term.* It is only upon the theory that the defendant is constructively present in court at the time judgment is pronounced that will authorize the rendition of judgment in the personal absence of a defendant. The defendant had constructive notice of the order of continuance but was not required to take notice of anything done at that term thereafter. So that under any view of the evidence or of the inferences of fact to be drawn therefrom, the court was without authority, after the continuance, to render judgment against the defendant at that term. In rendering judgment at that term after the continuance, the court proceeded as though the defendant was constructively in court at the time, when such was not the case. In other words, the court proceeded in the case "as though a fact, which was material to its right to proceed, existed, when it did not exist, and when the absence of the fact assumed to exist, entirely defeated the power of the court to attain a valid result in its proceeding" at that time. The judgment was, therefore, open to at-

tack by means of a writ of error *coram nobis*. [Cross v. Gould, 131 Mo. App. 598.] This view of the case will result in no hardship to respondent. It only results in a submission of both sides of the case upon its merits. The judgment is reversed and the cause remanded with directions to set aside the judgment to the end that a trial may be had upon the issues involved therein. All concur.