Carroll, Schendorf & Boenicke, Inc., Appellee, v. Gertrude J. Hastings, Appellant.

Gen. No. 34,444.

Heard in the second division of this court for the first district at the June term, 1930. Opinion filed January 27, 1931. Rehearing denied February 7, 1931.

JOSEPH F. GROSSMAN, for appellant.

HENRY M. HAGAN, for appellee; ALEXANDER PATERSON, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

On December 5, 1929, judgment for $480 was entered against defendant, Gertrude J. Hastings. On January 15, 1930, she filed a verified petition in which she prayed that the judgment be vacated. Plaintiff filed an answer to the petition. The trial court, after a hearing, denied the motion to vacate and entered an

order to that effect. Defendant appeals from that order.

The petition of defendant alleges that on January 29, 1926, the case was reached for trial and on motion of plaintiff was continued to February 11, 1926; that thereafter it was continued from time to time, on plaintiff's motion, with consent of defendant; that on September 27, 1926, on motion of plaintiff, an order was entered continuing generally the cause; that on September 19, 1929, ''without notice first having been given to either the petitioner or her attorney,'' the cause was called by one of the judges of the court and set for trial for December 4, 1929; that on the last date, without notice to the petitioner or her attorney, the cause was called for trial and continued to December 5, 1929; that no notice of this continuance was given to the petitioner or her attorney; that on December 5, 1929, the cause was called for trial without the knowledge of petitioner or her attorney, an *ex parte* hearing was had, a verdict was rendered in favor of plaintiff for the sum of $480, and judgment was entered upon the verdict; that Henry M. Hagan, attorney for plaintiff, well knew petitioner and her place of business and was well acquainted with Joseph F. Grossman, her attorney of record; that when the cause was reached for trial, on December 5, 1929, Hagan knew that neither the petitioner nor her attorney had notice of that fact; that Hagan, fraudulently and in order to take advantage of the petitioner and her attorney, did not inform the trial judge that neither plaintiff nor its attorney had given the petitioner or her attorney any notice whatsoever that the cause would be called for trial on that day; that neither the petitioner nor her attorney had any knowledge or notice of the judgment entered on that date until January 7, 1930, when the petitioner was served with an execution issued on the judgment; that the execution

was issued on December 12, 1929, ''but that Hagan, fraudulently and with intent to keep from your petitioner and her attorney the information that judgment as aforesaid had been rendered until after thirty days had expired, so that said Municipal Court would lose jurisdiction in said cause, withheld said execution until January 6, 1930, when said execution was delivered by Hagan to the bailiff.'' The petitioner further alleges that she has a meritorious defense to plaintiff's claim.

The verified answer of plaintiff alleges that on April 16, 1929, the chief justice of the court entered the following general order:

''General Order No. 763.

''It Is Hereby Ordered, that the clerk of this Court prepare two calendars, one of first-class non-jury cases, and one of fourth-class non-jury cases, which were started before March 30, 1929, and which now stand continued generally or are not now set for certain future days for trial. Such cases shall, so far as convenient, be placed in numerical order. Such calendars shall be in typewritten form and be subject to public inspection at all times.

''It Is Further Ordered, that said first class calendar shall be called for trial in Room 921, City Hall, and said fourth-class calendar shall be called for trial in Room 924, City Hall; that the first two hundred cases on each of said calendars shall be set for trial at 9:30 A. M. on the 16th day of September, 1929; that the second two hundred cases on each of said calendars shall be set for trial 2:00 P. M. on the same day; that at 9:30 A. M. and 2:00 P. M. on each successive court day thereafter the next two hundred cases on each of said calendars shall be set for trial; that upon the calling of said cases they shall be tried; continued, set for trial at future days or otherwise disposed of as the Court shall elect.

"It Is Further Ordered, that the clerk of this Court prepare a calendar of first-class and fourth-class jury cases, which have stood continued generally since before January 30, 1927. That said calendar shall be called in Room 921, City Hall, at 9:30 o'clock A. M. and 2:00 o'clock P. M. on September 16, 1929, and each successive court day thereafter until all such cases shall have been tried, continued or otherwise disposed of.

"It Is Further Ordered, that the clerk of this Court prepare for each branch court where criminal and quasi-criminal cases are pending a calendar of all pending criminal and quasi-criminal cases which are not now set for trial for days certain, placing said cases on said calendar in their numerical order.

"It Is Further Ordered, that the judges holding said criminal branches shall call for trial or other disposition all said cases, or as many thereof as the business of said branch courts will permit on September 16, 1929, and on successive court days thereafter until said calendars are entirely disposed of.

"It Is Further Ordered, that this order be spread upon the records of this court.

"Dated, Chicago, Illinois, April 16, 1929, Harry Olson, Chief Justice."

The answer further alleges that on August 7, 1929, this order appeared in the first column of the Daily Municipal Court Record under the word, in bold capitals, "ANNOUNCEMENT"; that said Record is a paper of general circulation in Chicago, generally subscribed for, delivered to and used by the lawyers of Chicago and "recognized and followed by all of the judges of the Municipal Court;" that this order again appeared in this paper on August 8, 1929, in the second column under the word, in bold capitals, "ANNOUNCEMENT"; and again, on August 10, 1929, in

the first column under the same heading; that on August 20, 1929, there appeared in the said Record, in the second column, under the words "General Notices," the following announcement: "The regular September calendar consisting of first class, non-jury cases, fourth class non-jury cases, first class jury cases and fourth class jury cases is composed of cases that have been continued generally or pending on motion to vacate, and et cetera, will be ready for inspection in Room 814 City Hall, Jas. A. Kearn's office, Mr. Meehan's window, on Monday, August 26th;" that said notice subsequently appeared in the issues of the Record of August 21, 22, 24, 28, 29, 30 and 31, and September 5, 6, 7, 9 and 10, 1929, in the first column, under the heading, in bold capitals, "ANNOUNCE-MENTS"; and in the issues of the Record of August 23 and 27, and September 3, 4, 11 and 13, 1929, in the second column under the same heading. The answer further alleges that pursuant to General Order 763 and the announcements as aforesaid, a deputy clerk in the office of the clerk of said court prepared said calendars and that the above entitled cause "was on said calendar as No. 572;" that thereafter said calendar was called in Room 921 by Judge Fairbanks, on the 18th day of September, 1929, and set for trial for December 4, 1929, in Room 1114; that in the issue of the Record of December 3, 1929, the case appeared on the calendar of Judge Jonas, Room 1114, for trial on December 4, 1929, but that said case was not reached for trial on that day; that it again appeared in the Record on December 4, 1929, on the calendar of Judge Jonas, to be called December 5, 1929; that on December 5, 1929, the case was tried *ex parte* before Judge Jonas, and a jury, and a verdict was rendered and judgment had on the verdict on said date.

Rule 34 of the municipal court provides:

"Notice of Motions—How Given.

"Notice to the opposite party must be in writing, stating the motion, time and place of hearing, and designating the judge before whom the same is to be made. Notice of motion for leave to amend pleading or to file any petition, pleading or other document must be accompanied by a copy of the paper proposed to be filed.

"Notice of all motions together with copies of all papers in support thereof must be served upon the opposite party or his attorney of record in any of the following methods:

"(a) By delivering a copy thereof to the attorney of record for the opposite party before 4 P. M. of the business day next preceding the day mentioned in the notice for calling up the motion, or by leaving a copy thereof at his office with some person in charge thereof on his behalf. Such service on Saturday must be had before twelve o'clock noon. . . .

"(c) By depositing in the mail copies thereof, properly addressed to the attorney of the opposite party, or to the party if he have no attorney of record at least thirty-six hours before the motion is to be called up for hearing; in computing such time, Sundays and legal holidays shall be excluded. When notice is given by mail the motion by presentation to the court must be accompanied by the affidavit of the person who mailed the notice stating the time and place of mailing, together with the complete address appearing on the envelope."

Section 8 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 396, provides (*inter alia*):

"The chief justice shall also superintend preparation of the calendars of cases for trial in said court, and shall make such classification and distribution of

the same upon different calendars as he shall deem proper and expedient.''

Section 36, Cahill's St. ch. 37, ¶ 424, provides:

''That cases in the Municipal Court shall be tried in such order and the calendars of cases shall be so arranged as may be determined by the chief justice or by rules of court adopted as herein provided.''

Defendant contends that ''the petition discloses an error of fact in entering the judgment, which could be corrected at common law by a writ of error *coram nobis* and hence the judgment can be vacated by motion under section 89 of the Practice Act.'' Defendant argues that when the order continuing the case generally was entered, on September 27, 1926, it operated to divest the court of its jurisdiction, and that it was essential, to reinvest the court with jurisdiction, that a notice be given to defendant in accordance with rule 34 of the court, and that as it is admitted that no such notice was given, the court was never reinvested with jurisdiction and therefore the judgment of December 5, 1929, is invalid. In support of this contention defendant cites *Jones v. St. Joseph & G. I. R. Co.,* 183 Mo. App. 224. In that case an order was entered continuing the cause by agreement until the next term. Three days later, in the same term at which the order was entered, the plaintiff's counsel, without any notice to the defendant, had an order entered setting aside the order of continuance, and then judgment was entered against the defendant in its absence. The defendant filed a motion in the nature of a writ of error *coram nobis* to set the judgment aside, which the trial court overruled. The Kansas City Court of Appeals properly held that the judgment was open to attack by means of the said motion, but in its decision it used language to the effect that after the order for the continuance had been entered the court lost jurisdiction

of the cause until the following term or until the order of continuance had been set aside, upon notice given. While the court was right in its conclusion that the judgment should be vacated, it was wrong in stating that the trial court lost jurisdiction of the cause when the continuance order was entered. We need cite only the Supreme Court of Missouri in support of our position. (See *Papin v. Buckingham,* 33 Mo. 454, 456; *Curtis v. Curtis,* 54 Mo. 351, 352.) In this State, under a record like that in *Jones v. St. Joseph & G. I. R. Co., supra,* the judgment would be open to attack by means of a motion in the nature of a writ of error *coram nobis,* upon the principle that the judgment was based upon a mistake of fact. In defendant's reply brief it is stated that *McKee v. Ludwig,* 30 Ill. 28, and *Newell v. Clodfelter,* 3 Ill. App. 259, "announce the principle that a continuance divests the Court of jurisdiction according to its terms." *McKee v. Ludwig* merely holds that where a party applied for and obtained a continuance, it is error for the court to set aside the order granting the continuance and dismiss the suit for want of prosecution without first giving a reasonable notice to the party at whose instance the continuance was granted. In that case the plaintiff sued out a writ of error from the order dismissing his suit. *Newell v. Clodfelter* holds that after a general order of continuance has been entered in a cause *it is error* to set aside such order in the absence of the opposite party, no notice having been given him of any application to set aside. An appeal was taken from the decree entered.

Jurisdiction is the power to hear and determine the matter in controversy between parties, and if the law gives the court power to render a judgment or decree the court has jurisdiction, and an erroneous decision cannot deprive it of that jurisdiction. Bouvier defines "continuance" as "the adjournment of a cause from

one day to another of the same or a subsequent term. The postponement of the trial of a cause.'' The half sheet in the instant case, which was introduced in evidence by defendant, shows, under the head of ''Memoranda of Postponement,'' ten postponements by agreement of the parties. It also shows, under the same heading, the following memorandum: ''Sep. 27, 1926 Judge Charles F. McKinley Cont. gen.'' Whether this last memorandum, upon which defendant bases her contention that the court lost jurisdiction, was entered on motion of one of the parties or by agreement does not appear from the half sheet. It is conceded, of course, that the court had jurisdiction of the subject matter and the parties on September 27, 1926, when the memorandum of continuance was entered, and the entry of that memorandum did not deprive the court of its jurisdiction. The case was still pending and undetermined, and the trial of the same was merely postponed until such time as the parties or the court, by appropriate action, made it again subject to trial call.

If the order of continuance had been set aside upon motion of plaintiff and without notice to defendant in accordance with rule 34, and if plaintiff had then procured the judgment order without the knowledge of defendant, the judgment might then be attacked by a motion in the nature of a writ of error *coram nobis,* but such is not the situation that is here presented. Rule 34 relates only to motions made by attorneys, and it is idle to argue that the court was without power to place the instant case upon a trial calendar until one of the attorneys served notice under rule 34 and had the order of continuance vacated. The instant case remained dormant for nearly three years and it is clear from the record that there were many other cases in a like condition. The statutory provisions, heretofore quoted, gave the chief justice the power to enter the general order of September 27, 1926. But,

independently of the statute, the court would have an inherent power to dispose of cases like the instant one upon giving reasonable notice. It has always been the practice in this district for courts to take proper action to clear their dockets of old and dormant cases. The practice is a necessary one and has been found to work well. It is, of course, necessary that reasonable notice of such action be given to the bar. In giving notice the chief justice of the court was not bound, as defendant argues, by rule 34, and the record shows that he exercised more than ordinary means to notify the bar of the preparation of the several calendars and the kinds of cases that would be contained therein. The notices were given just prior to the commencement of the fall work of the court and at a time when attorneys in this district are carefully watching the orders of the courts in respect to the disposition of cases and the preparation of calendars, and it is surprising, indeed, that the experienced attorney for defendant failed to notice that the instant case was subject to trial call. Counsel for defendant does not attempt to defend himself against the charge of negligence, and he is necessarily driven to the position that the court was without jurisdiction to proceed in the cause after the entry of the order of September 27, 1926.

Defendant next contends that ''the petition sets forth grounds for relief which would be sufficient to cause the judgment to be vacated in a court of equity,'' and that therefore the trial court erred in not vacating the judgment. In support of this contention defendant relies upon the following allegations in the petition:

(a) ''Said Henry M. Hagan fraudulently and in order to take advantage of your petitioner and your petitioner's atorney did not inform the Judge of the Municipal Court when said cause was by him called for trial on December 5, 1929, that neither the said plaintiff nor said attorney Hagan had given your peti-

tioner or your petitioner's attorney any notice whatsoever that said cause would be called for trial on December 5, 1929.''

(b) ''Said Henry M. Hagan, attorney for said plaintiff, fraudulently and with intent to keep from your petitioner and your petitioner's attorney the information that judgment as aforesaid had been rendered until after thirty days had expired so that said Municipal Court would lose jurisdiction in said cause, withheld said execution from the bailiff of the Municipal Court until January 6, 1930, when said execution was delivered by said Henry M. Hagan to the bailiff of said Municipal Court for demand upon your petitioner.''

Plaintiff strenuously argues that the evidence shows that counsel for defendant was guilty of such gross negligence that for that reason alone a court of equity would not be warranted in vacating the judgment, and therefore the municipal court, under section 21, would not be warranted in doing so. While this contention is a meritorious one we do not deem it necessary to base our decision upon it alone. It is not sufficient to charge fraud generally, but the complaining party must plead and prove the specific acts or facts relied on as establishing the fraud. (*Langlois v. McCullom,* 181 Ill. 195.) A general allegation of fraud, however strong in expression, is insufficient. The pleadings should point out and state the particular facts and circumstances relied on as constituting the fraud. (*Dickinson v. Dickinson,* 305 Ill. 521, 527.) Allegations (a) amount to no more than this, that plaintiff or its attorney was bound to notify the court when the case was called for trial, that they had not given defendant or her attorney notice that the case would be called for trial on December 5, and that such failure constituted fraud on the part of the attorney. The case was not brought to trial on December 5 through

any action of plaintiff and under the pleadings and facts of this case no such notification to the court was necessary. As to allegations (b): It appears that the judgment in question was entered December 5, 1929, and that execution issued December 12, 1929, and the mere fact that the attorney for plaintiff did not deliver the execution to the bailiff of the court until January 6, 1930, in our judgment, does not make out a prima facie case of fraud. Defendant cites, in support of her contention that the allegations relied upon make out a clear case of fraud, *How v. Mortell,* 28 Ill. 478, and *Putnam v. Murphy,* 53 Ill. 404. In the first case, which involved a bill in equity, it clearly appeared that an agreement between the attorneys and the parties was made, soon after the suit was commenced, that the case should not be tried without notice from each to the other, and that the agreement was violated by one of the attorneys in order to obtain an advantage over the other. The second case cited is like the first. In the instant case defendant has not alleged nor proved that counsel for plaintiff violated any agreement made with defendant or her attorney, or that he made any false representations to them.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

GRIDLEY and KERNER, JJ., concur.