142 So. 414

### NATIONAL SURETY CO. et al. v. FIRST NAT. BANK OF OPELIKA.

### 5 Div. 102.

Supreme Court of Alabama.

May 26, 1932.

Jas. W. Strother, of Dadeville, and Ball & Ball, of Montgomery, for appellants.

Jacob A. Walker, of Opelika, and J. Sanford Mullins, of Alexander City, for appellee.

## KNIGHT, J.

This was a suit brought by the First National Bank of Opelika against R. Sturdivant and the National Surety Company, surety on the bond of the said R. Sturdivant, as a public warehouseman, doing business at Dadeville, Ala., under the name and style of the Farmers' Alliance Warehouse.

The complaint, as originally filed, contained one count. It averred that on January 26, 1931, the defendant R. Sturdivant was operating a public warehouse for the storage of cotton, in the town of Dadeville, and on said day and for a long time prior thereto the said defendant National Surety Company was the surety on the official bond of said Sturdivant; that said bond was in the penal sum of $5,000, conditioned upon the faithful performance of the said Sturdivant's duties as a public warehouseman, and for the faithful compliance with all laws, rules, and regulations relating to the operation of a public warehouse. The complaint further averred that the plaintiff was, on the said 26th day of January, 1931, the "holder" of 72 original negotiable warehouse receipts of the Farmers' Alliance Warehouse, by R. Sturdivant, and each reciting that said warehouse had received one bale of cotton to be stored, and held and delivered upon the surrender of said receipt.

Continuing, the complaint avers a demand by the plaintiff upon the said warehouseman for the cotton, presenting at the time to said warehouseman the said receipts. The defendant failed and refused to deliver the cotton, stating that the cotton was not in the warehouse, and "confessing his inability to make delivery of the same." Concluding, the complaint avers "that the condition of said bond has been breached, in that, the said defendant, R. Sturdivant, did not and has not delivered said cotton to the plaintiff, on its demand, as aforesaid." That said cotton was of the value of $3,600.

The defendant Sturdivant filed a plea in abatement of the suit. In this plea, it is averred that the defendant Sturdivant was at the time said action was commenced a resident citizen of Tallapoosa county, Ala.; that the said warehouse was in Tallapoosa county; that the said Sturdivant had a permanent residence in said Tallapoosa county, and has never at any time resided in Lee county, and that none of the alleged acts, commissions, or defaults occurred in Lee county; that the National Surety Company, a corporation, is surety on the bond of the defendant as warehouseman and has no other connection with defendant nor with the Farmers' Alliance Warehouse.

The National Surety Company also filed a plea in abatement, in which, after averring the facts set forth in the abatement plea filed by defendant Sturdivant, it avers that it is a foreign corporation duly qualified to do business in the state of Alabama, and has an agent in Lee county and in Tallapoosa county, but has no interest in, or connection with, the defendant Sturdivant nor Farmers' Alliance Warehouse except as surety on said warehouse bond.

When the suit was filed, the plaintiff caused to be indorsed on the summons and complaint issued to and served on said R. Sturdivant the following: "The within summons is a branch of the original suit of the First National Bank of Opelika, Alabama, a national banking association organized under the laws of the United States, plaintiff, vs. National Surety Company, a corporation, and R. Sturdivant, doing business as Farmers Alliance Warehouse, defendants, and all the summons constitutes one suit, and is one and the same cause of action.—W. O. Brownfield, Clerk."

The plaintiff demurred to the pleas in abatement filed by each of the defendants, on a number of grounds.

The demurrers take the point that, inasmuch as the defendant National Surety Company was doing business by agent at the time the cause of action accrued, and at the time the suit was commenced, in Lee county, Ala., and was thus subject to suit in that county, the plaintiff, by force of section 9418 of the Code, could bring his suit in any court having jurisdiction of any one of the defendants, and that the circuit court of Lee county had jurisdiction of the corporation defendant.

In this contention the plaintiff is supported by the decisions of this court, and the trial court committed no error in sustaining plaintiff's demurrer to each of said pleas. L. & N. R. R. Co. v. Strickland, 219 Ala. 581, 122 So. 693; Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663; Code, § 9418.

The record shows no demurrer filed to plaintiff's count 1, as originally filed, nor to that count as amended thereafter. Its sufficiency was not tested in any way, and while it may be that this count, as amended, was subject to a proper demurrer for failing to aver how, or in what way, plaintiff became the holder of the warehouse receipts, whether the same were originally issued to it, or were acquired by transfer or indorsement, nevertheless the count sufficiently stated a cause of action against defendant to support a judgment by default or nil dicit. Agricultural Code of Alabama, 1927, §§ 394, 415, 429, 453, and 454; Code, § 7858; Ahrens-Rich Auto Co. v. Beck & Corbitt Iron Co., 212 Ala. 530, 103 So. 556; Parker v. Jefferson County, 209 Ala. 138, 95 So. 364.

Of course, it is fully recognized that a complaint to support a default judgment must state a cause of action, but by statutory provision "no judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action." Code, § 7858; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Hershey-Chocolate Co. v. Yates et al., 196 Ala. 657, 72 So. 260; Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46.

On May 6, 1931, the cause came on for trial in the circuit court, and on that day, in this cause, the following proceedings are shown by the judgment to have occurred: The demurrer of plaintiff to each of the pleas in abatement were sustained by the court, and by leave of the court the plaintiff amended count 1, and also amended his complaint by adding thereto count 2. The defendant separately moved the court to strike count 2, upon the ground that it was a departure from the cause of action stated in count 1 as amended. These motions were overruled.

Thereupon, the defendants protesting surprise, "as to count two," moved the court for a continuance, and the judgment entry in this particular recites: "The defendants thereupon plead surprise as to count two of the complaint and move the court for a continuance of the cause; and the same being heard it is ordered by the court that this cause be and the same is hereby continued."

On the next day, May 7, 1931, the plaintiff filed in the cause its motion for judgment nil dicit on count 1 of the complaint as amended. The motion appears in hæc verba in the report of the case.

On the day of the filing of said motion, May 7, 1931, the judgment entry recites: "On this the 7th day of May, 1931, came the plaintiff corporation, by its attorney, and moves the court for a judgment nil dicit on count one of the complaint as amended, and the defendants say nothing in bar or preclusion of said plaintiff's demands in count one of the complaint as amended: It is therefore considered, ordered and adjudged by the court that the plaintiff recover of the defendant, its damages and cost, but in as much as the same are uncertain let a jury come to inquire thereof." Then follows a recital of jury, and verdict for plaintiff assessing its damages at $3,485.77, and judgment thereon.

No order was made and entered in the cause setting aside the order of continuance made and entered in the cause on the day previous, nor does the record show any notice was given the defendants or their attorneys of the filing of said motion for judgment, or of the action, or contemplated action, of the court upon said motion. For aught appearing, they said nothing in bar or preclusion, at that time, of the plaintiff's demands, for the all sufficient reason they were relying upon the order made the day before by the court continuing the cause.

Was it then within the discretion of the court to set aside the former order of continuance made and entered in the cause, without notice to the defendants, and to entertain plaintiff's motion for judgment nil dicit on any one of the counts of the complaint? If so, could the court, without first setting aside the order of continuance, proceed to hear and grant the motion for judgment nil dicit? Upon the proper solution of the last stated question depends the validity, vel non, of the judgment appealed from. The appellants contend the court was in error in rendering judgment nil dicit against them under the circumstances of the case. The appellee's insistence is, that the appellants were in default as to count one as amended, having filed no plea or demurrer thereto, and that their negligence in this respect precludes them from complaining at the action of the court. Certainly, these appellants were not in default at the time the continuance was

granted them. The court had just held their pleas in abatement bad, and had allowed the plaintiff to amend its complaint. Upon the allowance of the amendment, the cause, on motion of appellants, was thereupon continued.

In 13 Corpus Juris, § 147, it is said: "A continuance may be subsequently set aside if the court is satisfied that no injustice will result to either of the parties. An order of continuance, however, having been once granted, the court is not warranted in setting the same aside without strong reasons; but sufficient reason exists where the continuance was entered by mistake or as a result of a misunderstanding by the court. It is error for the court, at the instance of one party, to set aside the order granting the continuance, *without notice to the opposite party.*" (Italics supplied.)

In the case of Tunstall v. Barbour, Hardin (Ky.) 560, which was very similar to the case now under consideration, the court said: "Orders which give further delay to the parties, especially require some urgent reason and substantial cause to be assigned for setting them aside, and giving final judgment in the absence of one of the parties. To listen, with indulgence, to such applications, would tend to defeat the justice of judicial proceedings, by opening an easy avenue to the procurement of decisions ex parte, by surprize, and lying in wait. If this continuance had been by irregularity, or mistake; or if the defendant had been in court, and could have urged nothing against rescinding the order of continuance, and going to trial, the proceeding might have been unexceptionable. The defendant had not pleaded, nor had he appeared, in strictness; but he had a right to appear, at any time, and plead before the writ of inquiry was executed; *or to be heard in mitigation of damages.* We cannot but know, that the practice is general, for the defendant to appear and make defence at the calling of the cause in court. * * * We should regret to see regulations, which are intended to secure fair and impartial trials, abused, and converted to the purposes of mere delay, so nearly allied to a denial of justice; but we cannot know whether the defendant had, or had not, a serious defence. A general rule must not be made to yield to an individual case, which falls within no just exception to the rule."

The court thereupon reversed the judgment of the lower court and ordered the cause remanded to that court for trial.

In the case of Hayes v. Kirby, 83 Ark. 367, 103 S. W. 1152, it was held: "It was error for the court to proceed with the hearing of the cause, in the absence of the defendant, without notice to him or his solicitor, after an order of continuance had been entered. To do so was to deny him an opportunity to be heard. This is a direct attack upon the decree by appeal, and we can indulge no presumptions not sustained by the record itself in favor of its validity. We cannot presume that notice was given when no evidence of it appears in the record, and no recital of notice is contained in the decree. The transcript certified by the clerk is conclusive evidence that it is a true and correct record of all the proceedings. Memphis Land & Timber Co. v. Board Dir., 70 Ark. 409, 68 S. W. 242. The rule is different where the decree is attacked collaterally. In such case every presumption is indulged in favor of the validity of proceedings."

The court reversed the decree of the lower court.

In the case of Jones v. St. Joseph & G. I. R. Co., 183 Mo. App. 224, 170 S. W. 427, 429 (Kansas City Court of Appeals), it was held that, where the defendant was present in court when the order of continuance was granted and made, he was entitled to rely thereon; and that a later order, setting aside the order of continuance, without notice to the defendant, and at the same time rendering judgment for plaintiff upon defendant's failure to appear, was erroneous, and for that error reversed the case. The court, in reversing the case, observed: "This view of the case will result in no hardship to respondent. It only results in a submission of both sides of the case upon its merits." Cross v. Gould, 131 Mo. App. 598, 110 S. W. 672, is cited by that court in support of its conclusions.

This question received at an early day the consideration of this court in the case of Innerarity v. Frowner, 2 Ala. 150. In that case the defendant having failed to appear and plead, an interlocutory judgment by default was entered, and the case continued until next term of the court, at which damages were directed to be assessed. During the same term of court, a judgment which recited that at a former day of the term, a judgment by default had been entered and a jury was directed to come and assess the damages; and thereupon, upon such later day of the term, a jury was impaneled, and returned a verdict fixing the plaintiff's damages at $500, for which judgment was rendered.

Innerarity, the defendant, prosecuted his writ of error to this court, and assigned among other errors the error on the part of the court in rendering final judgment after the case had been continued. This court, in addressing itself to the question of the alleged error of the lower court in rendering final judgment after the continuance of the cause, observed, in an opinion by Justice Goldthwaite: "It appears that this suit was continued after the interlocutory judgment by default was taken, and that the damages were directed to be assessed at the ensuing

term. Afterwards, and during the same term, the damages were assessed, and a final judgment rendered. It is not important to enquire whether this was done on the same, or a different day, as, in either event, our opinion would be the same. Should it be conceded to be a matter of discretion with the Circuit Court, to set aside a continuance once made and entered of record, which concession, however, we should be slow to allow, it is obvious, such is not the case as presented, because there is no order setting aside the continuance. It was error in the Circuit Court to proceed, after the case was continued, and the judgment is therefore reversed, and the case remanded."

In the case of Hair v. Moody, 9 Ala. 399, the court reaffirmed the holding in the case of Innerarity v. Frowner, 2 Ala. 150, in which it is said: "There is no question with us as to the irregularity alike of the judgment of non pros. and of the order setting it aside. It seems the cause had been continued, at a period previous to the time when the nonsuit was asked, and consequently it was irregular then to grant the motion, however sufficient the reason for doing so, as the plaintiff was discharged from the court for that term."

In the case of Saunders v. Coffin, 16 Ala. 421, Justice Dargan, in speaking for this court, says: "It cannot be denied but that a court has the power to amend, correct, or set aside its judgments during the term at which they are rendered.—Neale v. Caldwell, 3 Stew. 134; Johnson v. Lattimore, 7 Ala. 200. During the continuance of the term, the judgments and proceedings of the court may be *said to be in fieri*, capable of being amended, altered, or set aside as justice may require, and no reason can be perceived why a continuance of a cause, that may have been improperly entered, may not be set aside and the parties required to go to trial. It may however be remarked, that the Circuit Court should not set aside a continuance already entered, and on a subsequent day of the same term require the parties to go to trial, unless it is satisfied that no injustice will be done either party. It is true that in the case of Dunn and wife v. Bank of Mobile, 2 Ala. 152 * * * a judgment by default was rendered, and the damages were directed to be assessed at the next term, and the cause was continued; and that afterwards, and during the same term, the damages were assessed and a final judgment awarded. This court held that this was error, because no order was made setting aside the previous continuance. Here, however, the continuance was set aside, *both parties being present by their attorneys,* and no injury appears to have resulted to the plaintiff therefrom. We cannot say that this was an error." (Italics supplied.)

Evidently Justice Dargan, in referring to the case of Dunn and Wife v. Bank of Mobile, 2 Ala. 152, had in mind the case of Innerarity v. Frowner, 2 Ala. 150, as no such principle or conclusion was reached in the referred to case of Dunn and Wife v. Bank of Mobile, supra.

The appellee, in support of the action of the trial court, in rendering final judgment, upon the verdict of the jury impaneled on May 7, 1931, without setting aside the order of continuance, and without notice of any kind to appellants, or to their attorneys, brings to the attention of this court the case of National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 So. 844. It requires but slight examination of the case cited by appellee to see that that case is not an authority in support of the court's action in the instant case. If it be of any moment in the consideration of this case that the defendants had not, upon the court's holding their pleas in abatement insufficient, filed any other plea, or pleading in the cause, and that for this failure they were in technical default for want of plea or answer, they nevertheless had the undoubted right to appear on the day of the trial and contest with plaintiff the quantum of damages before the jury, when impaneled, and they had the right (in the absence of any order setting aside the former order of continuance or of notice that the court would proceed to try the case, the former order to the contrary notwithstanding) to rely upon the order of continuance made and entered in the cause. The defendants, in so relying upon the order of continuance, were within those bounds which invited a feeling of security.

However reluctant we are to interfere in the matter, which to some extent at least, but not altogether, involved judicial discretion, yet a due consideration of the facts appearing upon the record requires that this court shall interfere and correct the irregularity which occurred in granting the judgment nil dicit against the defendants. The judgment of the lower court in granting the judgment nil dicit will be here reversed. In reaching this conclusion, we have only considered the record proper.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.